Ruffin, C. J.
 

 The exceptions do not furnish any ground for reversing the judgment. The objection to the validity of the deed made by thedefendants is founded on the technical nature of a release, and the possession of the slaves held at the time by the defendant. But, if that had any application to personal chattels, it is answered by the settled rule, that if a deed cannot operate in one way, as intended, it shall operate in any other, which will make it
 
 effectual
 
 — ut
 
 res magis valeat quam 'pereat.
 
 Therefore, if this be not good as a release, it must be upheld as a bill of sale or deed of gift. If there had been an error in admitting the Register’s book the defendant would have no cause of complaint; for, the evidence was clearly and promptly withdrawn from the jury, as irrelevant, and the defendant suffered no prejudice' fiom it. It is undoubtedly proper and in the power of the
 
 *187
 
 Court to correct a slip by Withdrawing improper evidenee from the consideration of the jury, or by giving such explanations of an error as will prevent it from misleading a jury;
 
 State
 
 v.
 
 May
 
 4 Dev. 328. Here that was so effectually done, that neither the Court northe Counsel on either side took any notice of the mortgage, in submitting theirob-servations to the jury.
 

 If the judgment were reversed on account of the damage, of one cent, a
 
 venire de novo
 
 would not be awarded, but the reversal would be in respect of the damages merely ; because in that respect only would the verdict and judgment be erroneous, and not in relation to the slaves and their values.
 
 Frederick
 
 v. Lookup, 4 Bur. 2018 ;
 
 Dowd
 
 v.
 
 Seawell
 
 3 Dev. 185. But the Court is of opinion, there was no error as to the damages. The alteration in the verdict was made so immediately, as to exclude all possibility of ill practices with the jury, and was in itself so unimportant and immaterial as not to call for any correction.
 

 Per Corn am. Judgment affirmed.