Pearson, C. J.
 

 This was a case of circumstantial evidence. His Honor left it to the jury to say whether from all of the facts and circumstances, they were satisfied by the evidence that the prisoner inflicted a mortal wound, or was present aiding and abetting the act. There certainly was evidence tending to prove the guilt of the prisoner, and we think he has no right to complain of the manner in which his Plonor put the case to the jury.
 

 If the prisoner inflicted the mortal wound, or was present aiding and abetting the act, the idea of manslaughter, or of excusable or justifiable homicide, was out of fbe question. It was either a case of cold blooded murder, for the sake of getting the property and money of the deceased, or else the
 
 *477
 
 prisoner was entitled to a verdict of acquittal, because no offence had been proved.
 

 The instruction asked for in regard to a “reasonable hypothesis consistent with the innocence of the prisoner,” and “that a presumption could only be raised from a
 
 fact,
 
 and not from a presumption; and, that having to presume the prisoner’s presence at the murder from the fact of his going in that direction in company with the deceased, the jury had no right to presume from this presumption that he was the murderer or present aiding and abetting,” was, in our opinion, fully responded to by his Honor’s charge. The fact of “the prisoner’s going in that direction in company with the deceased,” was not the only fact from which his presence at the murder, and his participation in the crime could be presumed. There were many other facts bearing upon the matter; and the prisoner’s counsel was not at liberty to ask for an instruction predicated on the ground that there was no other fact in evidence, and thereby isolate the point.
 

 We think the prisoner has no ground of complaint in reference to the refusal of his Honor to adopt the
 
 very words
 
 used in
 
 Swintis
 
 case without explanation. The truth is that no set of words is required by law, in regard to the force of circumstantial evidence. All that the law requires is, that the jury shall be clearly instructed that, unless after due consideration of all of the evidence, they are “fully satisfied,” or “entirely convinced,” or “satisfied beyond a reasonable doubt” of the guilt of the prisoner, it is their áuty to acquit, and every attempt on the part of the courts to lay down a formula” for the instruction of the jury, by which to “guage” the degrees of conviction, has resulted in no good.
 
 State
 
 v.
 
 Sears, ante,
 
 146;
 
 State
 
 v.
 
 Knox, ante
 
 312.
 

 “The evidence must be as strong to "authorize conviction, as if proved by one credible and respectable witness.”
 
 *478
 
 What degree of certainty is fixed by this proposition? It, of course, must depend upon the attendant circumstances. These differ in every case and never rest upon the testimony of a single witness;
 
 e. g.,
 
 the connection of the parties, were they strangers, friends or enemies; the motive for the act; the conduct of the prisoner after the act; aUempts at concealment; telling lies, &c. So the proposition, although it niay sometimes serve the purpose of illustration, is not, and cannot be made a rule of law; consequently it is not error to decline to instruct the jury in these very words.
 

 On the contrary, when the presiding judge thinks from the course of the argument, and the signification given to the words by counsel, that, to use the very words would tend to give the jury a wrong impression as to what the law requires, it is his duty to use other words, or, if he adopt the very words, to do so with such an explanation as will convey to the minds of the jury a counter impression, and prevent misapprehension, as was done by his Honor in this case.
 

 Many things occur at the trial below, which it is impossible to communicate to this court. Such things cannot be reviewed and must be left to the judgment and good sense of the judge who conducts the trial. This court can only interfere when error appears.
 

 There is no error. This will be certified, &c.
 

 Per Curiam There is no error.