## STATE v. FLEMMING.

(Filed May 20, 1902.)

1. CONFESSIONS—*Evidence.*

   Confessions made by accused in jail are competent if there are neither threats nor inducements made.

2. EVIDENCE—*Corroboration—Previous Statements.*

   Where a witness is impeached he may be corroborated by previous statements.

3. EVIDENCE—*Withdrawal by Trial Judge—Harmless Error.*

   The trial judge may correct the admission of improper evidence by withdrawing it from the jury.

4. EVIDENCE—*Circumstantial—Instructions—Reasonable Doubt..*

   Where the state relies on circumstantial evidence it must establish every circumstantial fact upon which it relies beyond a reasonable doubt.

INDICTMENT against Dick Flemming, Ed. Woods and Richard Blaton, heard by Judge *Thos. J. Shaw* and a jury, at February Term, 1902, of the Superior Court of ROWAN County. From a verdict of guilty as to Dick Flemming and Richard Blaton, and judgment thereon, they appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
No counsel for defendants.

CLARK, J.   This is an indictment against three negroes for rape upon a white woman, a widow, who, with her little daughter, was living in a house without male protectors.   The assailants broke open the door and committed the crime with every conceivable circumstance of violence and brutality. The revolting details are narrated with a simplicity and an evident truthfulness that make the blood run cold.   The only question was as to the identity of the prisoners.   The jury,

after hearing the evidence and the defense of able counsel, said for their verdict that they had a reasonable doubt as to the identity of one of the prisoners, and acquitted him, but that they had none as to the other two.

There was exception to evidence of previous statements made by the prosecutrix in corroboration of her evidence on the stand, also to evidence which the Judge, after admitting over the prisoners' objection, subsequently withdrew and told the jury not to consider. Both these points have been so often passed upon by the Court that no citation of authority is necessary. *State v. Apple,* 121 N. C., 584; *State v. Coats,* at this term; *State v. Collins,* 93 N. C., 564, and cases there cited.

The confessions in jail were competent, the testimony being that there were neither threats nor inducements. *State v. Bishop,* 98 N. C., 773.

The special prayers for instructions by the prisoners (which were principally as to the defense of an *alibi*) were given, except the prayer that there was not sufficient evidence to go to the jury, which was properly refused, and the prayer that when circumstantial evidence is relied on "every link in the chain of evidence must be proved beyond a reasonable doubt." In lieu of this last, the Court instructed the jury: "In this case, the State relies upon both direct and circumstantial evidence, and before the State can rely upon circumstantial evidence it is necessary for the State to establish every circumstantial fact upon which it relies, beyond a reasonable doubt." In this the Court followed exactly the rule laid down in *State v. Crane,* 110 N. C., 536, which has since been more fully stated in *State v. Shines,* 125 N. C., 730.

Here the prosecutrix testified as to the identity of the two who were convicted. There was circumstantial evidence to corroborate her—such as scratches on the face of one of them the next day after the crime, which were not there the

day before, the identification of his hat and glove, and other corroborating circumstances.

After a full examination of the record we find no error of law committed by the Judge, and the facts were submitted to the jury with proper and just instructions.

No Error.