STATE v. EDGAR FRADY.

(Filed 13 December, 1916.)

**1. Criminal Law—Blackmailing — Circumstantial Evidence — Trials — Questions for Jury.**

Letters demanding a sum of money from the prosecutor, the first requiring that he drop the amount along the road at a certain place at a designated time and at a certain signal, followed by the burning of the prosecutor's barn on his failing to comply; and the second one referring to this fact and making the same demand, and the apprehension of the defendant at the place at the time appointed, as he appeared after the signals were given, though circumstantial evidence, is adjudged sufficient under an indictment for blackmailing to sustain a conviction. Revisal, sec. 3428.

**2. Instructions—Circumstantial Evidence—Trials.**

The charge of the court as to the weight of circumstantial evidence and the consideration the jury should give it, upon the trial in this case for blackmailing, is approved.

INDICTMENT for blackmailing (section 3428, Revisal) tried at February Term, 1916, of BUNCOMBE; *Harding, J.*

The defendant was convicted and sentenced, and from the judgment rendered appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*J. Scroop Styles, R. M. Wells for defendant.*

PER CURIAM.   It appears from the testimony that one D. P. Lance, a merchant in the town of Arden, received a letter through the mail on 21 June, 1915, demanding $300, and asking him to leave that sum on 24 June, at 12 midday between Arden and Calvary Church on the public road going from Arden towards Fletcher.   He was instructed to drop the money on the road on hearing certain signals.   Lance immediately turned the letter over to the sheriff.   On 27 July, Sunday, Mr. Lance's warehouse was burned about 4 o'clock in the morning.   There had been no fire in it the day before.

On 4 August Lance received another letter, instructing him to start from Arden on 6 August at 12 o'clock with $400, to go down the road towards Calvary Church, and to drop the money on hearing certain signals.   This letter referred to the previous letter, and to the burning of the warehouse, as it stated: "I think I have proved that I meant business, so I am going to give you one more chance."   This letter was also turned over to the sheriff.   The sheriff organized two posses, who were stationed in hiding along the highway, and Lance walked out at the time and in the direction indicated in the last letter.

The defendant, Martin Rickman, and Myrtle Pressley are charged in the bill.   The jury returned a verdict of guilty as to appellant Frady, not guilty as to Pressley, and were unable to agree as to Rickman.

The motion to nonsuit was properly overruled.   While the evidence is circumstantial, in our opinion, it has sufficient probative force to justify the judge in submitting the matter to the judgment of the jury. The exception to evidence is without merit.   The exception to the charge cannot be sustained.   The instructions of the trial judge are full, clear, and correct.

The charge as to the weight of circumstantial evidence and the consideration the jury should give to it is supported by the precedents.

In *S. v. Parker,* 61 N. C., 473, *Chief Justice Pearson* said: "No set of words is required by the law in regard to the force of circumstantial evidence.   All that the law requires is that the jury shall be clearly instructed that unless after due consideration of all the evidence they are 'fully satisfied' or 'entirely convinced' or 'satisfied beyond a reasonable doubt' of the guilt of the defendant, it is their duty to acquit, and every attempt on the part of the courts to lay down a formula for the instruction of the jury by which to 'gauge' the degrees of conviction has resulted in no good."

These words have been quoted with approved in *S. v. Adams,* 138 N. C., 688, and *S. v. Neville,* 157 N. C., 597.

In the *Adams case, supra,* the Court said: "If the judge charges the jury in substance that the law presumes the defendant to be innocent,

and the burden is upon the State to show his guilt, and that upon all of the testimony they must be fully satisfied of his guilt, he has done all that the law requires of him, the manner in which it shall be done being left to his sound discretion, to be exercised in view of the facts and circumstances of the particular case."

The charge is also substantially in accord with the formula approved in *S. v. Flemming,* 130 N. C., 688.

No error.