CHARLES A. RAGLAND v. LASSITER-RAGLAND, INC., AND R. G. LASSITER.

(Filed 21 November, 1917.)

1. **Reference—Account—Statutes—Trial by Jury—Appeal and Error.**

Where the controversy involves the taking of a long account, it should be referred under the provisions of Revisal, sec. 519; but where, as in this case, it has otherwise been tried, without error or prejudice to the appellant, the judgment of the lower court will not be disturbed.

2. **Insurance—Premiums—Beneficiaries—Payment—Contracts, Expressed or Implied—Accounts.**

Where one has taken out a policy of insurance on the life of another for his own benefit, under an agreement, expressed or implied, from the form and nature of the contract, and the purpose for which, and the circumstances under which, it was taken, that the premium should be paid by the beneficiary, and not by the insured, the latter, as between the parties, will not be liable therefor; and where there is evidence that a partnership concern had taken out an insurance policy on the life one of its members actively engaged in its business, for its own benefit, and, voluntarily and without the request of the insured, a corporation, which succeeded it, had paid the premium, in the shareholder's action for an account and settlement it is reversible error for the judge to charge the jury that the item for the premium paid was a proper charge against the plaintiff, it being a question for the jury to determine what the agreement was in this respect, under proper instructions from the court.

3. **Instructions—Issues—Appeal and Error—Verdict Set Aside—Reference—Statutes.**

In an action for an account and settlement, brought by a shareholder against a corporation, the judge erroneously charged the jury upon one issue which affected the whole amount assessed thereunder, to the plaintiff's prejudice: *Held*, the judgment and verdict as to this issue will be set aside, and as its determination requires the ascertainment of a long

account between the parties (Revisal, sec. 519), a reference is suggested, unless the parties should themselves render it unnecessary by agreement as to this issue.

**4. Same—Verdicts—Courts—Volition of Parties.**

In this action for account and settlement, brought by a shareholder against a corporation, the issues as to the value of the shares of the stock and as to a certain credit were involved, the court charging erroneously, to plaintiff's prejudice, on the second one, which involved the correctness of the first, but which, it seems, could be corrected as a matter of calculation: *Held*, the court cannot correct the verdict, which the appellee could do, in this case, on his own volition, or the plaintiff, with his consent.

CIVIL ACTION, tried before *Kerr, J.,* and a jury, at April Term, 1917, of GRANVILLE.

The plaintiff brought this action for the purpose of having an accounting and settlement with Lassiter-Ragland, Inc., of which company he was a shareholder. The jury returned the following verdict:

1. How many shares of stock does plaintiff own in the defendant company? Answer: Fifty shares.

2. What is the value of the plaintiff's stock in the defendant company? Answer: $103 per share.

3. Is plaintiff indebted to the defendant company? If so, in what sum? Answer: $4,650.

Judgment in favor of plaintiff for $500 and costs, only, and he appealed.

*Hicks & Stem and T. T. Hicks for plaintiff.*
*B. S. Royster and Parham & Lassiter for defendant.*

WALKER, J. The case involved the taking of a long account, and it would perhaps have been better to refer it, under Revisal, sec. 519, which provides: "Where the parties do not consent, the court may, upon the application of either, or of its own motion, direct a reference, where the trial of an issue of fact shall require the examination of a long account on either side, in which case the referee may be directed to hear and decide the whole issue, or to report upon any specific question of fact involved therein." If this had been done, many of the questions would have been eliminated, and the trial of the issues before the jury would have been restricted more clearly to the real controversy, and much irrelevant matter would have been excluded. But we do not see that the plaintiff has been prejudiced by the course adopted. The testimony as to his conduct in Fairmont and other places was competent as tending to show neglect of his duties to the company and a too free expenditure of money. It may be that this testimony was prejudicial to the plaintiff, and very likely it was so, but it was nevertheless relevant. The other

objections, except one, relate largely, if not altogether, to questions of fact and questions of evidence, and have no substantial merit. There was no reversible error in respect to them.

Plaintiff was charged with $419, the amount of the premium of policy taken on his life for the benefit of the copartnership of Lassiter & Ragland, and payable to them, their successors and assigns. The court charged the jury that when the copartnership was dissolved the policy was payable to C. A. Ragland and his successors, meaning his heirs at law, and not to Lassiter-Ragland, Inc., but that the plaintiff was chargeable with the amount of the premium ($419) paid by the corporation. The firm of Lassiter & Ragland having ceased to exist, if, as the judge instructed the jury, Ragland was entitled to the policy, we do not see how he could be responsible to the company for the premium. If he had asked the company to pay it for him, a different question would be presented, for then he would be liable for money paid at his request. If the company chose to make a voluntary payment to the insurance company, it could not recover the amount from the plaintiff unless in some way he had ratified what had been done for him, or had, with knowledge of the fact, accepted and retained the benefit of the payment, if there was any such benefit. It would seem, from his testimony, there being none to the contrary, that the policy was taken out for the sole benefit of the copartnership as a business concern, with the expectation and understanding that the firm would itself pay the premiums. Ordinarily, the insured is liable for the premiums, and if he is under an obligation to keep the policy in force and fails to do so, he would be liable for the resulting loss to the beneficiary. 25 Cyc., 751; *Ainsworth v. Backers,* 5 Hun. (N. Y.), 414; *Brown v. Price,* 4 C. B. (N. S.), 598; *s. c.,* 93 E. C. L., 598; *National Assu. Association v. Best,* 2 H. & N., 605 (27 L. J. Exch., 19); *In re Archer,* 14 Ch. Div., 603. If it was agreed, either expressly or by implication, from the form and nature of the contract, and the purpose for which, and the circumstances under which, it was taken, that the premiums should be paid by the beneficiaries, and not by the insured, the latter, as between him and them, would not be liable for their payment. It would seem, from the evidence, if true, that there was such an understanding between these parties, and if there was not, we discover no evidence upon which the court could charge, as matter of law, that the plaintiff was liable to Lassiter-Ragland, Inc., for the amount paid by them. The facts must be found before the liability can be determined, and a peremptory instruction was not proper. This error requires that there should be a new trial as to the third issue, as the error affects the whole amount assessed under that issue, and there was one solid sum given for all the damages. It is said in *Rowe v. Lumber Co.,* 133 N. C., at pp. 443 and 444: "The issue submitted at the first

trial was, 'Are the plaintiffs the owners of the land in controversy, or any part thereof, and if of any part, what part?' The answer to that issue was 'No.' There were three tracts of land in dispute, and if an error was committed as to any of them this Court must of necessity give a new trial as to all, though there may have been no error committed as to one of them. This results from the form of the issue. If a separate and distinct issue had been submitted as to each tract, and an error had been committed as to one only, the court even in that case could have given a general new trial, but in its discretion could have restricted a new trial to the issue or issues as to which the error was committed. When the issue is general, embracing within its scope several distinct pieces of property or tracts of land, the new trial must be general, because the issue, and consequently the verdict, are in their very nature indivisible. This seems to have been expressly decided. *Beam v. Jennings,* 96 N. C., 82; *Holmes v. Godwin,* 71 N. C., 306." We cannot amend the verdict, but if defendant will consent to deduct from the verdict and judgment the amount of the premium included in them, the recovery will be so reduced and judgment entered accordingly; otherwise, there will be a new trial, as we cannot amend the second issue so as to show the true value of the stock, after giving plaintiff credit for the amount of the premium charged against him. We cannot compel the parties to agree as to a reduction of the value of a share, under the second issue, but it would seem to be a mere matter of calculation to determine how much the value of the stock, per share, will be diminished by the credit of the amount charged for the premium paid by the defendant corporation, and the consequent withdrawal of so much from the assets of the company. The defendant, however, may elect, without plaintiff's consent, to deduct from the damages assessed under the third issue the amount of the premium paid by it, and if this is done, judgment will be entered accordingly; otherwise, there must be a new trial. Under the last method of adjustment, defendant will lose the difference in the value of the stock, caused by the subtraction of the amount of the premium, if plaintiff refuses his consent to a proportionate change in the value of the stock, but this cannot be helped by us, as we cannot alter the verdict without his consent; and defendant will have to choose between this and a new trial of the issues. When we allow the plaintiff to have a judgment for the balance found to be due to him, after deducting the amount of premium paid by it, we are only doing what we are asked by the plaintiff to do, and, therefore, his consent to this change is not required, but this is not true as to the value of the stock, which has been found by the jury. The verdict as to that cannot be amended without the consent of both parties that it may be done, so as to fix the value

of the stock after the amount of the insurance premium has been taken from the assets.

We have not considered all the points raised by the plaintiff as to his liability for the amount paid by defendant corporation on the premium. He argues that, upon the evidence, he is not liable, in any view, or at all, for this amount, because there was no request to pay, and the defendant company had nothing to do with the policy or the premium, and it is also suggested that the policy may be void, or that it has expired. However this may be, the charge of the court, as it now stands, cannot be sustained, and this error is sufficient to dispose of the appeal. There will, therefore, be a new trial, unless the defendant consents to a reduction of the verdict and judgment, as above indicated.

If there is a new trial, it will be advisable to refer the case, as it involves the taking of a long account, and the ultimate issues can best be determined in that way, if the right to a jury trial is reserved; and, besides, a jury cannot consider such an account with the facility and accuracy of a referee. No real harm to the appellant seems to have resulted, so far, but it does not follow that he may not be prejudiced in the further progress of the case by a failure to refer.

Error.