### W. D. STEPHENSON v. CITY OF RALEIGH.

(Filed 8 October, 1919.)

**Trials—Remarks of Court—Improper Remarks—Appeal and Error—Instructions—Error Cured—Harmless Error—Courts—Attorney and Client.**

> Where a witness is being cross-examined to show a contradiction between his testimony and an allegation in his sworn complaint, a remark by the court to the examining attorney, in the presence of the jury, "you are just quibbling over that," will not alone be construed as such reflection on counsel as to prejudice his standing or his case before the jury; and were it otherwise, the error would be cured by the judge referring specifically to it in his charge, and instructing the jury it was not so intended by him, and for them not to consider it. The duty of the courts and attorneys not to uselessly consume time in the trial of causes, pointed out and discussed by CLARK, C. J.

APPEAL by plaintiff from *Allen, J.,* at January Term, 1919, of WAKE.

This was an action for the recovery of damages for personal injuries alleged to have been caused by the negligence of the defendant in failing to keep a walkway habitually used for the public in a reasonably safe condition. Verdict and judgment for defendant. Appeal by plaintiff.

*Douglass & Douglass for plaintiff.*
*John W. Hinsdale, Jr., for defendant.*

CLARK, C. J. James I. Johnson, mayor of Raleigh, testified to the ordinance, which was put in evidence, forbidding any person to use the grass plats in any of the city parks for walkways and prohibiting any new carriage or walkways to be made in any city park except by the approval of the board of aldermen. The plaintiff's counsel asked the witness the following questions: "You swore to the answer in this case? A. Yes. Q. Do you swear positively that she did not get hurt? A. No. Q. Do you admit that she did get hurt? A. No. I swore to that on information and belief. Q. Who informed you that she was not hurt?

A. I assumed it as a whole. I deny that the hole was left there negli-
gently by the city. Q. How came you to admit that she walked and
denied she fell? A. Because I had been notified that she had walked
there, and I deny that there was a dangerous hole there and that she
was hurt. Q. Why didn't you admit that she fell there?"

At this stage of the cross-examination his Honor stated, in the pres-
ence of the jury, "You are just quibbling over that." The plaintiff
excepted to this statement of the court.

We cannot see that the remark was any such reflection on counsel as
to prejudice his standing or his case before the jury. The judge was
simply calling to his attention that he was taking up the public time
in asking irrelevant and unnecessary questions. There have been rare
occasions in which the trial judge has made remarks which seemed to
be a serious reflection upon the counsel and on appeal to this Court we
have in such cases granted a new trial, as in *Perry v. Perry,* 144 N. C.,
329, which was cited and approved; *Bank v. McArthur,* 168 N. C., 53,
and other cases there cited. These cases hold "Any remarks by the
presiding judge made in the presence of the jury which have a tendency
to prejudice their minds against the unsuccessful party will afford
ground for the reversal of the judgment."

The presiding judges should be and usually are very careful to use
no expression that will be disparaging to counsel, or any intimation of
opinion upon the merits of the case then on trial. On the other hand,
counsel should not unnecessarily consume the time of the court on
irrelevant matters, and when this is being done the judge should restrict
counsel to the matter in hand. We see in the words excepted to no
reflection upon counsel or prejudice to the cause he was representing
and nothing more than an effort to restrict the investigation to matters
really pertinent to the trial.

Besides the courteous gentleman, who was the presiding judge on this
occasion, used the following language in his charge: "I want to retract
one word or remark which I used when the counsel was examining Mr.
Johnson and I interrupted and I said it was quibbling. I should not
have used that word. I only meant that they were contending about a
matter of pleadings and that it was, to my mind, not throwing any
light on the question that we were trying, and I therefore made the
remark, and I only meant that it was a contention between counsel
about pleadings and I did not intend to intimate anything about the
merits of the case, and I will ask you to dismiss that from your mind."

Even if the remark had been objectionable and capable of the con-
struction that it was prejudicial this would have cured it, except, pos-
sibly, where there has been a serious abuse of the powers of the court.

The Court has held in numerous cases that error in the admission of

improper evidence is cured where it is afterwards withdrawn and the jury instructed to disregard it. *Ellison v. Tel. Co.,* 163 N. C., 5; *Harrison v. Tel. Co., ib.,* 17; *Toole v. Toole,* 112 N. C., 152; *Gilbert v. James,* 86 N. C., 245; *McAllister v. McAllister,* 34 N. C., 184.

For a stronger reason, when a remark of a judge has been made which might seem improper the error can be cured, if erroneous, by the same instruction to the jury and its express retraction as in this case.

*Justice John H. Clarke,* now of the U. S. Supreme Court, then U. S. district judge in Ohio, in the course of a written opinion said: "This Court cannot refrain from observing in this connection that the old notion that a suit at law or in equity is *chiefly a game,* affording an opportunity for the matching of wits of counsel and for the exercise of the ingenuity of courts, is fast giving place to the conception that suits, both at law and in equity, should be sincere and candid attempts to reach the real points of difference between the parties to them, and to secure a just settlement of such difference." *Coulston v. Steel Range Co.,* 221 Fed., 669, 672.

As was said by this Court some years ago, a trial is a solemn, serious investigation of the matters in controversy with the sole object of ascertaining the truth of the facts at issue and the application of the law in the interests of justice; "It is not a game in which the object is to catch the judge out on first base." *Wilson v. Mfg. Co.,* 120 N. C., 96. Trivial matters should be excluded by the trial judge, and in so doing there is no ground for reversal on appeal.

The other exceptions raised do not require any discussion.

No error.