SACHS et al. v. HARTFORD ELECTRIC SUPPLY CO.

SAME v. SERVICE ELECTRICAL SUPPLY CO., Inc.

SAME v. UNION LIGHT CO.

District Court, D. Connecticut. March 28, 1928.

Nos. 1911–1913.

1. Discovery ⟺63—Interrogatories are intended to eliminate undisputed facts, lay ground for summary disposition, or enable party to prepare for trial.

Purpose of interrogatories is to eliminate from the case proof of material facts, over which there is no longer dispute, and thereby shorten the trial, or to lay ground for summary disposition of case, or to enable party to properly prepare for trial.

2. Patents ⟺292—Plaintiff, on disclosing dates of invention of patent sued on, held entitled to require answers to interrogatories concerning prior devices relied on by defendants.

Where defendants in patent infringement suit gave list of names of persons claimed to have invented the patents sued on, plaintiffs were entitled to require defendants to answer interrogatories as to the patents on which defendants relied, as to whether patents of the individuals, or uses or devices attributable to them, were involved, and as to location and means of inspection of prior uses or devices, or specimens or sketches showing the construction thereof, provided plaintiff disclosed dates when invention of patent in suit was first conceived and first disclosed.

In Equity. Patent infringement suits by Joseph Sachs and the Colt's Patent Firearms Manufacturing Company against the Hartford Electric Supply Company, against the Service Electrical Supply Company, Incorporated, and against the Union Light Company. On plaintiff's motions to file interrogatories, and for orders directing the defendants to answer them. Decree requiring defendants to answer the interrogatories, on condition of statement furnished by plaintiff.

Jeffery, Kimball & Eggleston, of New York City, for plaintiffs.

Murray & Zugelter, of Cincinnati, Ohio, for defendants.

THOMAS, District Judge. In these three cases the plaintiffs have filed motions for leave to file interrogatories and have petitioned for orders directing the defendants to answer the same. The motions are filed pursuant to equity rule 58, and as the requests are the same in each case they will be decided in one opinion.

The defendant's answer in each of the three suits contains certain allegations which may be briefly summarized as follows: (1) That the letters patent in suit are invalid, because the subject-matter is shown and described in some 50 prior United States and foreign patents. And in suits Nos. 1912 and 1913 only: (2) That certain of the patents in suit are invalid because the alleged inventions disclosed and described therein were invented by others, a list of five names being given in the answers, prior to the invention thereof by the plaintiff Joseph Sachs.

In view of these allegations, plaintiffs have submitted certain interrogatories, which, in essence, are as follows: (a) Upon which of the United States and foreign patents recited in the answers will defendants rely? And (in No. 1912 and No. 1913) (b) whether, in the second group of allegations, the defendants have reference to the state of the.art, as evidenced by patents to any of the five individuals, or whether defendants have reference to the state of the art as evidenced by prior uses or devices attributable to any or all of these five individuals? And (c) if the allegation refers to such prior uses or devices, are the defendants aware of the existence, or are they in possession of any specimens, sketches, or the like, showing the construction thereof? If so, where are the same located, and when and where can they be inspected by plaintiffs or their appointee?

Defendants have no objection to answering in all three suits group (a) of the interrogatories, but contend that the remaining interrogatories relate to matters that pertain to defendants' and not to plaintiffs' cases, and are therefore incompetent, under authorities recited in defendants' brief. Groups (b) and (c) constitute interrogatories Nos. 3, 4, and 5 in each of the suits No. 1912 and No. 1913. [1] The purpose of interrogatories is to eliminate from the case such proof of material facts over which there is no longer dispute, and thereby shorten the trial for the court, or lay the ground "for summary disposition," as well as to enable a party to properly prepare for trial. Bronk v. Scott (C. C. A.) 211 F. 338. Plaintiffs' motions squarely present the question of how far may a court go under equity rule 58 in requiring defendant to disclose to plaintiff facts and documents material to the support of the cause, and to set forth the matters upon which defendant will rely as a defense to plaintiff's bill of complaint.

I have considered the practice of the District Courts in this and other jurisdictions, with a view to ascertaining, if possible, what limitations have been placed upon the authority of the court to compel the defendant,

in anticipation of trial, to answer questions relating to material matters; that is, as to the nature of the case and facts supporting it. As showing the views of the courts in this and other jurisdictions, reference may be had to McLeod Tire Corporation v. B. F. Goodrich Co. (D. C.) 268 F. 205, wherein Judge A. N. Hand, of the Southern district of New York, said:

"It has been the practice in this district to attempt to simplify the issues and limit the testimony necessary at the trial by allowing inspection and compelling answer to interrogatories in patent cases very liberally. We have stopped little short of requiring almost everything except the names of witnesses and such information as would enable the interrogator to bring forward untruthful testimony to meet the evidence of his adversary. Dick v. Underwood (D. C.) 235 F. 300."

In A. B. Dick Co. v. Underwood Typewriter Co. (D. C.) 235 F. 300, Judge Mayer, in the Southern district of New York, granted a motion for particulars requiring the defendant to specify the patents and publications to be offered in evidence at the trial; what instances of prior use or knowledge the defendant would attempt to prove at the trial; approximately when, where, and with whose knowledge the prior use or invention occurred, the description of the thing invented or used, and whether the article alleged to have been made, or used, or invented, prior to the invention, was in existence and available for inspection by the complainant. But plaintiff was required simultaneously to serve on the defendant a statement of the dates, approximately, of invention as claimed by the plaintiff.

[2] It seems to be almost a universal practice to order the defendant, who has pleaded in anticipation a number of patents or publications, or has alleged numerous instances of prior knowledge and use, to specify what patents, publications, or instances of prior use he will rely upon at the trial, providing that plaintiff is at the same time disclosing to the defendant the dates of the conception and reduction to practice of the invention of the patent in suit. I am of the opinion that the cases at bar present no unusual circumstances, and no reason is advanced why the general practice should not prevail.

Accordingly defendants' objections are overruled, and defendants are ordered to answer plaintiffs' interrogatories Nos. 1, 2, and 3 in case No. 1911, and interrogatories Nos. 1, 2, 3, 4, and 5 in cases Nos. 1912 and 1913, provided plaintiffs simultaneously file a statement showing the dates when the invention of the patent in suit were first conceived and first disclosed.

Decree accordingly.