## R. E. SENTELLE v. BOARD OF EDUCATION.

(Filed 26 February, 1930.)

1. **Pleadings I a: D d—Where good cause is stated judgment on pleadings will be denied and defective statement is waived by failure to demur.**

   A motion for judgment on the pleadings is properly refused when the complaint states a good cause of action, and where it is objectionable as a defective statement of a good cause of action the defendant waives the defect by failing to demur and by answering its allegations and pleading to the merits.

2. **Schools and School Districts D c—Agreement that superintendent might later attack settlement is valid and will support action.**

   Where the board of education of a county forces the county superintendent, by threats of criminal action, to make a settlement according to an accountant's report which he maintains is erroneous, and there is sufficient evidence to be submitted to the jury of an agreement that such payment by the superintendent should not preclude him from afterwards attacking the settlement for errors and irregularities: *Held*, in the superintendent's action alleging errors in the settlement and seeking to recover the moneys wrongfully paid, the defendant's motion as of nonsuit is properly denied.

3. **Appeal and Error J e—Where court withdraws incompetent letters from evidence before jury knows of contents it is not reversible error.**

   Where certain letters are erroneously admitted in evidence, and the trial court, before they have been read and before the jury has any knowledge of their contents, withdraws them from evidence and instructs the jury not to consider them, the incident could not have influenced the jury to the prejudice of the objecting party and it will not be held for reversible error.

4. **Evidence D f—Admission of memorandum for purpose of corroborating witness held not error.**

   Where the plaintiff and the cashier of a bank have testified that the plaintiff had transferred certain funds on deposit in the bank, the introduction in evidence for the purpose of corroborating their testimony of a memorandum, testified by the cashier to be a bank record and a correction of deposit, is not reversible error.

5. **Trial B e—Failure of trial court to instruct jury not to consider certain incompetent evidence withdrawn by him is reversible error.**

   Where erroneous evidence has been admitted to the consideration of the jury under exception, it is the duty of the trial court to withdraw it from the evidence, but where he withdraws such evidence and fails to instruct the jury not to consider it in making up their verdict, it constitutes reversible error.

**6. Appeal and Error K b—Where judgment erroneously contains definite item, judgment less such amount may be rendered if appellant consents.**

Where a certain and definite item of damages has been erroneously included in the judgment upon the verdict of the jury, the case may be remanded to the Superior Court for the rendition of a judgment less the erroneous amount if the appellee consents thereto, otherwise a new trial of the issues affected thereby will be had before a jury.

APPEAL by defendant from *Cranmer, J.,* at November Term, 1929, of EDGECOMBE. Error.

Excepting a brief interval the plaintiff was superintendent of public instruction of Edgecombe County from 1 July, 1920, to 18 January, 1926, when he resigned his office. The defendant employed auditors to make an annual examination and audit of his accounts and accepted the audits thus made at the end of each fiscal year up to 1924. The defendant then employed A. Lee Rawlings & Company to make an audit for the year beginning 1 July, 1924, and ending 30 June, 1925. There is evidence that these accountants inspected the audits previously made and reported certain irregularities and deficiencies in the plaintiff's accounts. The defendant demanded that the plaintiff make settlement in accordance with this report. Thereupon the plaintiff, threatened with criminal prosecution for the misappropriation of funds, paid the amount claimed to be due, alleging that it was erroneous, wrongful, and unjust, and, with the defendant's consent, "reserving his right to resist payment and to recover the money unjustly required of him and paid by him, . . . and to receive credit for errors and corrections in the said audit." The plaintiff alleges that before bringing suit he demanded of the defendant return of the amount he had wrongfully paid and that the defendant refused to return the amount or any part of it. The defendant filed an answer denying liability, and at the trial the jury in response to the issue found that the defendant is indebted to the plaintiff in the sum of $4,840.33 with interest from 18 January, 1926. Judgment for the plaintiff; appeal by defendant upon error assigned.

*V. E. Fountain and H. H. Philips for plaintiff.*
*George M. Fountain for defendant.*

ADAMS, J. The exceptions addressed to the appellant's motions for judgment upon the pleadings and for dismissal of the action as in case of nonsuit must be overruled. The first motion rests upon the objection that the complaint does not particularly set forth the several items constituting the alleged errors and irregularities or allege that any substantial error or irregularity appears in the last report of the certified

accountants. The objection is not valid. There is a broad distinction between the statement of a defective cause of action, and a defective statement of a good cause of action. The complaint is not within the first class; and if within the second (a question we need not discuss) the defendant did not file a demurrer, but waived the defect by answering the complaint and pleading to the merits. *Johnson v. Finch,* 93 N. C., 205; *Warlick v. Lowman,* 103 N. C., 122, 126; *Wright v. Ins. Co.,* 138 N. C., 488; *Eddleman v. Lentz,* 158 N. C., 65. The defendant made no application for a bill of particulars to make more definite the alleged cause of action. C. S., 534; *Bristol v. R. R.,* 175 N. C., 509.

The second motion was properly denied because the evidence interpreted most favorably for the plaintiff was of sufficient probative force to justify its submission to the jury. This, in our opinion, is patent. Both the oral evidence and the record evidence are in support of an agreement between the parties that the plaintiff's payment of the amount claimed to be due should not preclude him from afterwards attacking the settlement for errors and irregularities; and that errors are alleged is not to be doubted. The defendant's disposition of the money is immaterial upon the question whether the settlement was incorrect. The crucial point is whether the plaintiff was required to pay more than was due, or whether the defendant was unduly enriched at the plaintiff's expense.

The plaintiff offered in evidence nine statements or letters written by teachers in the county concerning the distribution of school books. The judge afterwards withdrew them and instructed the jury not to consider them. The defendant objected to the introduction of the papers and to their withdrawal. They were not read in the hearing of the jury, but were merely turned over to the stenographer for identification. So far as the record discloses no member of the jury had any knowledge of the contents of the letters and such knowledge cannot reasonably be inferred from the form of the questions preceding the introduction of the papers in evidence. We do not see how this incident could have influenced the jury to the prejudice of the defendant. It is the duty as well as the province of the trial court to withdraw incompetent evidence from the consideration of the jury. *McAlister v. McAlister,* 34 N. C., 184; *Cooper v. R. R.,* 163 N. C., 150; *S. v. Stewart,* 189 N. C., 340.

The fourth and fifth exceptions relate to the admission in evidence of a bank slip tending to show the transfer of an item of $465 from the "agent's account" to one of the county funds, with which the plaintiff is not credited in his settlement. It is contended that the evidence was hearsay. The plaintiff testified that the transfer was actually made, and the cashier of the bank said that the memorandum slip was the cor-

rection of a deposit in the bank, that it was a record of the bank, and that the item had been transferred as the plaintiff contends. In these circumstances the admission of the memorandum as corroborative evidence does not entitle the defendant to a new trial. Exceptions 6, 7, and 10 point out no sufficient cause for reversing the judgment, and raise no question calling for special comment.

But error is shown by exceptions twelve and thirteen. On his cross-examination R. L. Lee, a witness for the defendant, was permitted to identify and read a letter written to the plaintiff by the General Seating Company. The plaintiff afterwards, by the court's consent, withdrew the letter as evidence. The introduction and the recall of the letter were subject to the defendant's exception. The judge did not instruct the jury not to consider the letter as a part of the plaintiff's evidence. His failure to do so was no doubt an inadvertence, as he had given this caution upon the withdrawal of other papers. But if an inadvertence, it was nevertheless error. He should have told the jury not to consider the contents of the letter in making up their verdict. *S. v. Davis,* 15 N. C., 612; *S. v. May, ibid.,* 328; *S. v. Collins,* 93 N. C., 564; *S. v. Crane,* 110 N. C., 530; *Toole v. Toole,* 112 N. C., 153; *S. v. Flemming,* 130 N. C., 688; *Stephenson v. Raleigh,* 178 N. C., 168; *S. v. Stewart, supra; S. v. Griffin,* 190 N. C., 133; *Hyatt v. McCoy,* 194 N. C., 760.

The plaintiff's claim consists of several items, some of which have no connection with others. The letter in question refers to an item of $124 charged for drayage on desks ordered from the General Seating Company and paid by the plaintiff. The allowance or disallowance of this item will not affect any other item in the plaintiff's account. As an appellate Court, we have no power to amend the verdict, but the plaintiff's counsel in his oral arguments and in his brief consents to deduct this item from the verdict and the judgment and to this extent to reduce the amount of his recovery. Since the verdict and judgment will not otherwise be affected this course may be pursued in the Superior Court and a judgment may there be rendered for the amount of the plaintiff's present judgment less $124; but if the plaintiff does not consent to the reduction there will be a new trial. This accords with the principle announced in *Ragland v. Lassiter,* 174 N. C., 579, to the effect that the court can allow the appellee to make the deduction or, if he does not make it, to submit his cause to another jury.

Error.