**TELLER et al. v. MONTGOMERY WARD & CO., Inc.**
No. 9865.

District Court, E. D. Pennsylvania.
April 21, 1939.

Leon Edelson, of Philadelphia, Pa., for plaintiffs.

Pepper, Bodine, Stokes & Schoch, of Philadelphia, Pa., and Cromwell, Greist & Warden, of Chicago, Ill., for defendant.

KALODNER, District Judge.

This is an equity patent-infringement suit. The plaintiffs complained that the defendant infringed the former's patents involved in the suit by selling stoves and ranges embodying the patented inventions of the plaintiffs. Suit was commenced in 1937: defendant filed its answer January 28, 1938. The new Rules for Civil Procedure for the District Courts of the United States became effective September 16, 1938. 28 U.S.C.A. following section 723c. Rule 12(e) provides that a motion for a bill of particulars may be made by a party within twenty days after the service of a pleading upon him. Plaintiffs moved for a bill of particulars on September 28, 1938.

Eleven patents are involved in this suit. Defendant's answer invoked three identical defenses to each patent: (a) Anticipation by prior patent or invention. (b) Anticipation by prior publication. (c) Prior knowledge and use.

The motion for a bill of particulars poses identical inquiries, two in number, as to the asserted defenses against each patent. Accordingly, for the purposes of this discussion, it may be considered that there are but two inquiries in the motion. They read, respectively, as follows:

"1. With respect to the cause of action based upon the United States Letters Patent No. 82,007, what patents and/or publications specified in Paragraphs Nos. 11 and 12 respectively of the Answer of Defendant will be offered in evidence at the trial of this cause to illustrate the prior state of the art or to support the contention of anticipation, or for any other purpose, and of those offered, on which will defendant rely at such trial in support of the contention of anticipation of the said United States Letters Patent No. 82,007?

"2. What instance or instances of prior knowledge or use, as alleged in Paragraph 13 of the Answer to the Bill of Complaint will defendant attempt to prove on the trial of this cause and what particular instance or instances will be relied upon by the defendant to sustain its defense or defenses (particularizing as to the description of such defense), and, with respect to each such instance state:

"(a) approximately when, where and with whose knowledge the alleged prior use or invention occurred;

"(b) the description of the thing or things invented or used or known of by the person or persons named in answer to the preceding question;

"(c) whether there are in existence any stoves and/or ranges alleged to have been known of or used or invented prior to the invention of the said United States Letters Patent No. 82,007, or any records, documentary or otherwise, concerning the same; and if said stoves and/or ranges and/or records are in existence produce all of the same or as much thereof as is available for inspection by plaintiffs or their counsel or designee and mark the same for identification in the presence of said plaintiffs or their counsel or designee."

The defendant's answer cited a long list of patents and publications as illustrative of the prior state of the art, and as supporting the defendant's contention of anticipation against each patent. As may be observed by reference to the inquiries, the first inquiry sought to compel the defendant to indicate specifically which of the patents or publications would actually be offered in evidence at the trial, and which of said patents or publications would be relied upon by the defendant, to establish the defenses set forth in the answer. The second inquiry asks defendant to state what instances of prior knowledge or use defendant would rely on and attempt to prove at trial, and, in addition, asked for particularization as to those defenses in respect to details appearing in sub-divisions (a), (b), and (c) of the second inquiry. Subdivision (a) inquires as to dates of prior use or invention, but that part of the inquiry has been withdrawn.

Defendant objects to the motion principally on the following grounds:

1. Defendant should not be compelled to specify what patents, publications or instances of prior use he would rely upon at trial, unless plaintiffs simultaneously disclose to defendant the dates of invention upon which he relies.

2. Defendant should not be required to answer inquiries pertaining to the state of the art.

3. An answer to the second inquiry deemed insufficient by the Court might be construed as a contempt.

4. Production of stoves, ranges and records cannot be procured under 12(e), but must be sought under Rule 34.

5. Plaintiff is not entitled to names of defendant's witnesses.

6. The motion was not made within twenty days of the service of the answer.

7. The inquiries are multiple in form.

8. Some of the patents have expired and are not properly the subject of an action in equity.

Rules 26 to 37, inclusive, of the new Rules of Civil Procedure show a clear intent on the part of the draftsman to simplify and expedite trial procedure by disposing of non-essentials, undisputed matters, surprise testimony, and uncertainties to the greatest extent possible in advance of trial. These Rules, taken in conjunction with the provision for motions for bills of particulars in Rule 12(e), and with the growing practice of pre-trial conferences under Rule 16 (the latter in some instances having also been adopted by State Courts), clearly show that an attempt has been made to set up a machinery by the operation of which a cause reaches actual trial stripped to its essentials: with issues defined, clarified and narrowed, with both parties (if properly diligent) thoroughly prepared to meet all possible issues and fortified against surprise, and with a record already complete, except as to those matters which by their inherent nature can only be presented before a Trial Judge. The formulation of the Rules and the development of the procedure tend to hasten the day when the outcome of this class of litigation will depend less upon the skill and strategic manoeuvering of respective counsel and more upon the merits of the issues involved.

█ So ambitious and worthy an effort to improve trial procedure deserves maximum judicial support, and that support can best be demonstrated by a liberal construction of the new rules—liberal, that is to say, in the direction of requiring disclosure of all matters, treated in the rules, by one party upon demand of the other, unless some valid reason appears why the disclosure should not be made. On this score, the burden rests on the party sought to make this disclosure, to satisfy the Court that there is a substantial ground against making the disclosure.

Considered in the light of those principles, an examination may now be made of the reasons assigned by the defendant for its objections to the motion for bill of particulars.

For convenience, the objections will be referred to by the numbers assigned to them in the list appearing hereinabove.

█ The first objection seems to me to be well taken. It relates to the first inquiry, in which the plaintiffs ask the defendant to specify precisely what patents or publications will be offered in evidence and relied upon to support the contention of anticipation. The inquiry as originally phrased included a demand for dates of the patents or publications thus to be relied upon. Subsequently, that portion of the inquiry (as to dates) was withdrawn; but the withdrawal does not avail the plaintiffs against the objection of the defendant that the plaintiffs should reciprocally be required to furnish the defendant with the dates of invention for the several inventions of the patents in suit. The defense of anticipation is inextricably bound up with the factor of chronology. Patents and publications relied upon as defenses by way of anticipation are futile weapons unless their dates are supplied. Moreover, from general considerations, defendant is as much entitled to know the dates of plaintiffs' inventions as they are to know specifically the details of his defense of anticipation. See Sachs et al. .v. Hartford Electric Supply Co., D.C., 26 F.2d 120, 121.

█ Concerning the second objection of the defendant, relating to a demand that defendant specify what patents or publications will be offered in evidence to illustrate the prior state of the art, it is sufficient to say that the weight of authority affords a sound precedent for such an inquiry. Lapeer Trailer Corp. v. Freuhauf Trailer Co., D.C., 24 F.2d 595, 596; Grand Rapids Show Case Co. v. Straus et al., D. C., 229 F. 199, 200; Coulston v. H. Franke Steel Range Co., D.C., 221 F. 669, 670.

█ Passing to the second inquiry quoted above (identical in form with all the even numbered inquiries in the plaintiffs' motion), it becomes necessary to consider the third, fourth and fifth objections of the defendant in the above list. In the third objection, defendant complains of the introductory clause of the even numbered inquiries, that "it is impossible to answer this introductory clause without the danger and possibility of being in contempt of court for failing to answer everything demanded, or in answering one interpretation of these questions when plaintiffs may seek a different interpretation".

The fear of contempt is groundless. The penalty for failing to obey an order of the Court granting a motion under Rule

12(e) is a possible striking of the pleading to which the motion was directed, or such order as the Court deems just. The penalty of contempt is not indicated in the Rule. On the other hand, it is to be noted that the defendant cites the same forty-three instances of prior knowledge and use against each of the eleven patents in suit. The patents cover different inventions, and it is hardly to be assumed that all the forty-three cited instances are applicable to each patented invention. It is a matter of experience that defendants cite a great number of instances of prior knowledge and use against a patent in pleadings, but rely on a relatively small number of such instances at trial. Plaintiffs would be compelled to do a great deal of useless work in advance of trial in preparing to meet each of the forty-three instances, if it transpired that only a few would actually be relied upon. They are entitled to know upon which instances reliance will actually be placed. The Trial Court will be well able to judge whether or not defendant has made an effort to answer the inquiries properly in any bill of particulars which it may be ordered to file. An improper answer to the inquiries may result in the limitation or restriction of the defense when the cause comes up for hearing: but this is no more than the rules are designed to effect. This particular objection, therefore, cannot be sustained.

As to the fourth objection that production of stoves, ranges and records must be sought under Rule 34 and not under Rule 12(e): technically the defendant may be correct in this position, but under a liberal construction, it may be considered that Rule 34 has been invoked without having been specifically mentioned by the plaintiffs; especially in view of the fact that if the objection were sustained, the plaintiffs could simply file another motion under Rule 34 and bring the entire question up again. No useful purpose would be served by such a delay.

And as to the fifth objection that the plaintiffs are not entitled to the names of the defendant's witnesses, it may be noted that the plaintiffs' request is not for names of witnesses as such, but for the identification of persons with whose knowledge the alleged prior use or invention relied upon as a defense occur. It is true that some or all those persons might be used by the defendant as witnesses, but that would be merely incidental or accidental, and would

not affect the right of the plaintiffs to know the identity of the persons involved in the prior use or invention alleged in the defense. Moreover, it has been held that such information could be demanded in interrogatories: Moore, "Federal Practice Under The New Federal Rules," Volume 2, Section 33.02, pages 2615, 2616; Nichols et al. v. Sanborn Co., D.C., 24 F.Supp. 908, 910, where it is said: "* * * further, it is now established that parties may also be interrogated as to the identity and location of persons having knowledge of relevant facts."

Cases cited by the defendant in support of this objection all antedate the new Federal Rules of Civil Procedure.

Defendant's sixth and seventh objections listed above apply to both the odd and even numbered inquiries. The sixth objection is that the plaintiffs' motion for a bill of particulars was not made within twenty days of the service of the defendant's answer as required by Rule 12(e). It is sufficient to observe in this connection that the motion was filed within twelve days after the new Rules became effective. A literal application of the time-limit provision in the Rule would not be equitable in this case. It is not to be assumed that the particular Rule was designed to be retroactive in cases like this. Such application would not only unfairly penalize the plaintiffs, but would also hamper the procedure in this case and deprive both parties and the Court of the benefits of the new Rules. Under the procedure antedating the new Rules, the plaintiffs would not have been out of time in filing their motion.

The seventh objection of the defendant—that the inquiries are multiple in form —does not particularly affect their validity. As the Court reads the inquiries, they are clear and understandable, as is their content, purport and intent. They are not interrogatories, and the same need for unification and simplification does not exist in the case of inquiries in a motion for bill of particulars, as in the case of interrogatories.

Finally, as to the defendant's eighth objection, that some of plaintiffs' patents have expired and that plaintiffs' only remedy for their infringement is at law, it may be said that since other claims of the plaintiffs are actionable in this equity suit, and to prevent multiplicity of suits, all the claims may as well be disposed of in one litigation.

Accordingly, defendant's objections are overruled and plaintiffs' motion for a bill of particulars is granted, and the defendant ordered to answer the inquiries contained in said motion, except that so far as concerns the request in the odd numbered inquiries that the defendant specify the patents or publications that will be offered in evidence and relied upon to support the contention of anticipation as to each patent, this order is contingent upon the plaintiffs' first filing a statement showing the dates when the inventions of the patents in suit were first conceived and first disclosed.

### Sur Plaintiffs' Interrogatories and Defendant's Objections Thereto

The history and facts in this case will be found in the opinion sur plaintiffs' motion for bill of particulars and defendant's objections thereto, filed eo die. Plaintiffs have filed seven interrogatories. Defendant objects to the first, second, fourth, and fifth. The propriety of the second and fourth objections depends on the propriety of the first. The objection to the fifth interrogatory raises a different question.

The first interrogatory reads as follows: "1. Does the following list of stoves include as a constructional feature thereof the provision of flanged structural metal elements arranged in intersecting relation at the front of the stove frame to define a plurality of compartment openings, each of which elements includes a forwardly extending thin flange which serves as a parting strip, bead or rib between the proximate edges of adjoining closures fitted in said openings:—" (Here follows a list of stoves with catalogue numbers.)

A narrow question is presented. If this interrogatory calls upon the defendant to construe a patent claim or to admit or deny infringement as a legal conclusion, then defendant is not required to answer: if, on the other hand, it merely seeks to elicit facts, it should be answered. Rodman Chemical Co. v. E. F. Houghton Co., D.C., 233 F. 470; General Electric Co. v. Independent Lamp Co., D.C., 244 F. 825.

I am of the opinion that the objection to the interrogatory is well taken. I consider that the interrogatory clearly calls for a construction of a patent claim and for an admission or denial of infringement as a legal conclusion. The very complexity of the language of the interrogatory, and the multiplication of clauses and phrases, are factors in my decision, as well as the fact that the interrogatory is in the language of a claim of one of the patents, although the latter factor taken by itself is not conclusive. An interrogation as to a fact merely is more likely to be shorter, couched in simpler language, and directed to a single point. When the interrogatory speaks of "constructional features * * * arranged in intersecting relation * * * to define a plurality of compartment openings"—the inference is inescapable that either a legal conclusion or a construction is being demanded. The same may be said of that portion of the interrogatory which speaks of a flange serving as a parting strip, bead or rib. The matters concerning which the inquiry is made in this interrogatory are such as should rather be supplied by expert testimony in support of the validity of the patent or the contention of infringement: P. M. Co. v. Ajax Rail Anchor Co., D.C., 216 F. 634, 636. The principles involved here have not been changed by the new Rules of Civil Procedure.

As has been said, the decision upon the first interrogatory controls the decision upon the second and fourth interrogatories. Accordingly, defendant's objection to the first, second and fourth interrogatories are sustained.

The fifth interrogatory reads as follows: "5. State the names and addresses of the manufacturers of the several stoves referred to in the Plaintiffs' Bill of Particulars, it being sufficient for this inquiry to list each stove and the name of the manufacturer thereof but once regardless of the particular patent or patents charged to be infringed by such stove."

I am not inclined to require the defendant to answer this interrogatory. I cannot see what materiality or relevance the facts sought to be ascertained have in this litigation. So far as the plaintiffs' brief is concerned, the reason for the interrogatory seems to be one merely of convenience to the plaintiffs. The latter have filed a bill of particulars, specifying by catalogue number what they consider to be the defendant's infringing stoves. They say, however, that some of the stoves may be manufactured by persons licensed by themselves. They wish to eliminate these licensed stoves from the trial, and apparently can only do so if they are furnished with the names of the manufacturers of

all the stoves—a fact claimed to be exclusively in the defendant's knowledge.

Defendant objects on the ground that since the facts in themselves are not material or relevant, there is no reason for having the defendant do a great deal of work necessarily involved in answering the interrogatory, simply to save the plaintiffs the trouble of doing the work. The objection seems reasonable, especially in view of the fact that defendant in its rejoinder memorandum suggests that if plaintiffs will submit a list of their licensees, defendant will advise plaintiffs what stoves listed in plaintiffs' bill of particulars were made by their licensees. The offer seems to be a fair one. If the plaintiffs object that this amounts to giving away business secrets, the defendant may avail himself of a similar objection against answering the interrogatory.

Defendant's objection to the fifth interrogatory is, therefore, sustained, subject to the qualification that if the plaintiffs furnish the defendant with a list of their licensees, the defendant is ordered to furnish the plaintiffs with a list of the stoves specified in plaintiffs' bill of particulars which are manufactured by those licensees.