PLUMMER, EXECUTER, ETC. *v.* ULSH.

[No. 967S92. Filed September 29, 1967.]

*Robert F. Gonderman* and *Gonderman, McCallen & Tall-man,* both of Wabash, for appellant.

*Robert E. Magley* and *Tiede and Magley,* both of Wabash, for appellee.

LEWIS, J.—This case involved a claim of approximately $5,000.00 against the estate of the decedent, one Effie Ulsh. The Trial Court allowed the claim, and the Appellate Court affirmed the decision.

In his petition to transfer, the executor makes, essentially, these two arguments:

1. That the Appellate Court erroneously decided a new question of law in stating in its opinion: "We have no Indiana

law comparable to Rule 26(f)." (Federal Rules of Civil Procedure)

2. That the Appellate Court erroneously decided a new question of law in saying that the mere taking of a conditional examination, or deposition of a party, constitutes a waiver of the priviliges extended under the "Dead-Man's" Statute. (Burns' Indiana Statutes, Anno., § 2-1715, [1946 Repl.])

Substantially the facts are as follows: The plaintiff presented a claim for monies owed as a result of loans and services extended to the decedent during her life. Before trial, the executor took the claimant's deposition as to the actual subject matter involved. During the trial the party originally deposed took the stand as a witness. A timely and specific objection, based on the "Dead-Man's" Statute, (Burns,' § 2-1715, supra) was made and overruled on the grounds that while the witness was otherwise incompetent and within the scope of this statute, the deposition taken by the executor before trial constituted a waiver of its benefits. The witness was allowed to give her full testimony.

Moving to the first objection raised, it is sufficient to say that Indiana does have a rule comparable to Rule 26(f) of Federal Rules of Civil Procedure which reads as follows:

> *"Effect of Taking or Using Depositions.* A party shall not be deemed to make a person his own witness for any purpose by taking his deposition. The introduction in evidence of the deposition or any part thereof for any purpose other than that of contradicting or impeaching the deponent makes the deponent the witness of the party introducing the deposition, but this shall not apply to the use by an adverse party of a deposition as described in paragraph (2) of subdivision (d) of this rule. At the trial or hearing any party may rebut any relevant evidence contained in a deposition whether introduced by him or by any other party." Fed. R. Civ. P. 26(f)

Burns' Indiana Statutes, Anno., § 2-1538, reads as follows:

> *"Effect of introduction into evidence—Rebuttal.—*A party shall not be deemed to make a person his own witness for

any purpose by taking his deposition. The introduction in evidence of the deposition or any part thereof for any purpose other than that of contradicting or impeaching the deponent makes the deponent the witness of the party introducing the deposition, but this shall not apply to the use by an adverse party of a deposition as described in paragraph (b) of section 4 [§ 2-1536] of this act. At the trial or hearing any party may rebut any relevant evidence contained in a deposition whether introduced by him or by any other party." Burns' Indiana Statutes, Anno., § 2-1538, [1946 Repl.], (1966 Sp. Suppl.)

These two paragraphs are identical with the exception of references to prior paragraphs.

The second objection raised may be summarized by the question: Does a conditional examination operate as a waiver of the "Dead-Man's" Statute? The key Indiana case on this is *Oleska, Administrator* v. *Kotur* (1943), 113 Ind. App. 428, 48 N. E. 2d 88, in which a similar problem arose. The appellant conditionally examined the appellee prior to the trial. The fruits of this examination were not offered by the appellant into evidence during the trial, but the appellee took the stand as a witness. That the appellee was an incompetent witness within the purview of Burns', § 2-1715, supra, was uncontested. The Court stated, however, that while the witness was incompetent otherwise, appellant's action in conditionally examining the witness before trial constitued a waiver of this incompetency and an objection thereto may not be sustained. We point out that this case was decided long before the passage of the Discovery Statute now in effect in Indiana.

The Indiana law on this point is well-established. Indiana Practice, Vol. 2, Ch. 49 § 861 (A), "When the examination of a party is taken, any question as to the competency of such person as a witness on the trial is waived by the party calling for such examination."

*Duling* v. *Markun* (1956), 231 F. 2d 833, "It is true that the taking of a deposition under Indiana law of a party who is

otherwise incompetent would be a waiver." However, the Federal Court in *Duliug,* supra, went on to say that the Federal Rules are not bound by this Indiana rule. That is, in the Federal Courts, the taking of a deposition pursuant to Rule 26 will not be a waiver of the "Dead-Man's" Statute (incompetency). Moreover, FRCP 26(f) expressly provides that the mere taking of a deposition does not make the deponent a witness nor waive incompetency. *Duling* v. *Markun* (1958), 251 F. 2d 361.

Burns', § 2-1538, supra, is almost identical to Rule 26(f). This statute was passed in 1961 approximately eighteen years after the *Oleska* (supra) case.

In viewing this statute and the doctrine laid down in *Oleska* (supra) together, it is manifest that they are inconsistent. The purpose of discovery is to bring out the relevant material before trial in an effort to better equip the litigants to decide what is actually at issue. One should not be penalized for the mere acquisition of information in furtherance of this purpose.

The Legislature, in 1961, saw fit to adopt a Discovery Statute, Burns', § 2-1538, supra. It is our opinion that the breadth of this statute includes a conditional examination of a party as well as the deposition of a witness.

In construing this statute, we must overrule so much of *Oleska* (supra) as is inconsistent and repugnant to this legislative pronouncement. In the case at bar, it is our opinion that the mere taking of the discovery deposition or a conditional examination, under Burns' Indiana Statutes, Anno., § 2-1533 or § 2-1728, respectively, [1946 Repl.], (1966 Cum. Pocket Suppl.), does not waive the privileges extended under Burns', § 2-1715, supra, and § 2-1716, et seq.

The judgment of the Trial Court is reversed; said cause is remanded to the Trial Court with instructions to sustain

appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

Hunter, C. J., Arterburn and Jackson, JJ., concur.

Mote, J., not participating.

NOTE.—Reported in 229 N. E. 2d 799.