VIGO CO-OPERATIVE MILK MARKETING CO., INC. v. BARNETT, ADMX. OF ESTATE OF BARNETT.

[No. 468A72. Filed June 19, 1969. Rehearing denied July 24, 1969. Transfer denied October 29, 1969.]

*Cox, Zwerner, Gambill & Sullivan,* of Terre Haute, for appellant.

*Mann, Mann, Chaney, Johnson & Hicks,* of Terre Haute, for appellee.

WHITE, J.—This is an action brought by the appellee against the appellant to recover damages for the death of appellee's decedent caused by a collision between an automobile operated by the appellee's decedent and a truck operated by an agent of the appellant.

Originally filed in the Superior Court of Vigo County the case was venued to the Sullivan Circuit Court, where it was tried to a jury. The jury returned a verdict for the appellee against appellant, awarding appellee the sum of $60,000.00. Judgment was rendered accordingly. The overruling of appellant's motion for a new trial is the only error assigned on appeal. Appellant's brief discusses many of the eighteen grounds stated in its motion for new trial but argument is devoted largely to alleged error in admitting into evidence, over appellant's objection, parts of the conditional oral examination of one Meredith Lee. The witness Lee never was a party to this action. He was riding in decedent's automobile at the time of the collision. His conditional examination had been taken by appellant in Lee's separate action against appellant in which Lee sought recovery of damages for his own injuries. That case was compromised and settled prior to the trial of this case.

One of appellant's grounds of objection to the admission of this conditional examination was that its use by appellee, without appellant's consent, is prohibited by Ind. Acts 1881

(Spec. Sess.) ch. 38, § 348, being Burns' Ind. Stat. Ann. § 2-1730. Which, in pertinent part, reads:

> ". . . [t]he examination . . . may be read by the party taking it, *at his option*; but, if not read, the party causing the examination, shall pay the costs thereof." (Emphasis added).

The appellant argues that this statute makes the examination admissible, if at all, solely at appellant's option. The very fact that the language of the statute seems to be so clear as to permit of no other interpretation may account for the fact that there is no case law in point. We see no room for construction. We are constrained to hold that, if this provision of the statute has not been repealed or modified by other legislation in effect at the time of trial, it was error to deny appellant this option.

By Chapter 292, Acts of 1961, the General Assembly of Indiana made Rule 26, Rules of Civil Procedure for the United States District Courts (as therein modified), a part of the law of Indiana. (Burns Ind. Stat. Ann. § 2-1533—§ 2-1540 inclusive). This act provides that a party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories, for discovery, for evidence, or for both. Nothing in the Act purports to limit to the party taking it, the option to decide whether an adverse party's deposition shall be offered and admitted into evidence. On the contrary, section 4 (Burns § 2-1536) by its sub-paragraph (c) (3) provides "[t]he deposition of . . . a party, may be used by any party for any purpose if the court finds . . . [t]hat the witness is unable to attend or testify because of . . . sickness . . . or imprisonment."[1]

---

1. Appellant produced evidence, before offering the conditional examination of Lee, that Lee was then confined to the isolation ward of a Terre Haute hospital with severe pulmonary tuberculosis which was highly contagious and that his doctor advised that his deposition should not be taken.

If, by thus adopting Rule 26, the Legislature has repealed the conditional examination provisions of the 1881 Civil Practice Act, a part of which we have quoted, then it may be that what has been referred to as the conditional examination of Meredith Lee was, in fact, his deposition and appellant owns no option to exclude it from evidence.

The Indiana Act does not contain the language found in paragraph (a) of Federal Rule 26 which says that "[d]epositions shall be taken only in accordance with these rules".[2] Neither does the Indiana Act contain any repealing clause. Instead it contains this disclaimer of repeal: "This act shall not be construed as a repeal of any law not directly in conflict herewith, but rather as supplemental to any other law governing depositions and to that effect this law shall be given a liberal interpretation."[3]

We see no reason for considering the conditional examination statute to be "directly in conflict" with the Indiana statutory version of Rule 26. In fact, it is highly doubtful if a conditional examination of a party, as provided for in the 1881 (Spec. Sess.) statutes is a deposition at all. We regard the conditional examination provided for by the 1881 (Spec. Sess.) Civil Practice Act, particularly the option provision, to be a highly desirable discovery tool. It tends to promote settlement of civil litigation thereby relieving courts of the burden of unnecessary trials. It does so by permitting either party to learn what the other party knows about the case, under oath, and with an authenticated record for impeachment purposes if needed, yet without the risk of creating evidence against the examiner. Quite obviously there may be many instances in which alert and wary counsel would not interrogate an adverse party under oath, prior to trial if the only way it could be done were by deposi-

2. Burns § 2-1533 is the Indiana counterpart of the federal paragraph (a).

3. Burns § 2-1540.

tion. Lee's case could well have been one in which opposing counsel would not have wished to preserve and perpetuate Lee's testimony for any purpose or any use except at their election. Appellee's counsel, who was also Lee's attorney, was quite candid in oral argument in alluding to facts which could have given rise to a higher than average chance that Lee would not be available as a witness at any given time. It is also possible that failure to take the examination could have resulted in failure to agree upon a settlement.

We hold that an examination of an adverse party taken prior to trial pursuant to the 1881 statutes (Burns Ind. Stat. Ann. § § 2-1728, *et seq.*) providing for conditional examinations, when otherwise admissible, is admissible only at the option of the party taking it.

Appellant has advanced many other arguments for the exclusion of Lee's examination in the case at bar, but the conclusion we reach on the option provision of the statute makes it unnecessary to discuss them. No inference should be drawn as to the admissibility of Lee's conditional examination if it had been offered by the appellant. Nor should any inference be drawn as to admissibility in this case of Lee's deposition, if his deposition (not his conditional examination) had been taken in his case and not in this case.

We do not believe the other errors alleged are likely to arise on a retrial of this cause and, therefore, they do not require discussion in this opinion.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion. Pursuant to statute, costs are assessed against the appellee.

Judgment reversed.

Pfaff, C. J., and Hoffman, J., concur; Sharp, J., dissents with opinion.

DISSENTING OPINION

SHARP, J.—I must respectfully dissent from the majority opinion in this case.

This case grew out of an automobile-truck collision which occurred on May 28, 1965, at approximately 9:10 o'clock A.M. at an unmarked intersection of two county public roads in Vigo County, Indiana. The Plaintiff's decedent was the operator of an automobile driven in an easterly direction approaching said intersection and the Defendant's agent was driving a milk truck south approaching said intersection. The Defendant's driver, Cecil Thompson, was alone in said truck at the time of collision and the Plaintiff's driver had one Meredith Glenn Lee of Terre Haute, Indiana, riding with him. The Plaintiff's decedent was killed instantaneously by the collision. The only known witnesses to the collision were the Defendant's driver, Cecil Thompson, and Meredith Glenn Lee. Cecil Thompson testified that he did not see the decedent's car nor did he know of its existence until it was ten feet from the impact. Thus, Meredith Glenn Lee was the only person alive at the time of the trial who could testify to the actions of the Plaintiff's decedent immediately before the collision.

Two lawsuits were filed as a result of the collision in question. The instant case was filed in the Superior Court of Vigo County, Indiana, and thereafter venued to the Sullivan Circuirt Court where it was tried by jury. A companion case was filed in the Vigo Superior Court on behalf of Meredith Glenn Lee and was later venued to the Clay Circuit Court and was settled prior to trial. Appellee's counsel represented the Plaintiff in the instant case from its inception and also represented Meredith Glenn Lee in the prosecution of his case. The Vigo Co-operative Milk Marketing Co., Inc., of Terre Haute was the sole party Defendant at all times in the instant case and was the sole party Defendant in the companion case filed by Meredith Glenn Lee. Appellant's counsel were at-

torneys of record for the Defendant throughout the instant case and were attorneys of record for the Defendant during the pendency of the companion case of Meredith Glenn Lee. The allegations of negligence in the complaint filed in the instant case and the allegations of negligence in the complaint filed in the companion case for Meredith Glenn Lee are identical. While the companion case of Meredith Glenn Lee was pending in the Clay Circuit Court the sworn testimony of Meredith Glenn Lee was taken before a Notary Public in the law office of Appellee's counsel in Terre Haute, Indiana, on the 13th day of June, 1967, which oral examination was taken by agreement of the parties with notice of signature of the parties being waived. The direct examination in that sworn testimony was conducted by Mr. Ernest J. Zwerner. This sworn testimony was offered in evidence in the instant case by the Plaintiff. It was identified as Plaintiff's Exhibit 22. It reveals that Mr. Zwerner, on behalf of the Defendant, Vigo Co-operative Milk Marketing Co., Inc., extensively questioned Meredith Glenn Lee with reference to the manner in which the accident occurred, which questioning covers thirty-seven pages in the transcript. No cross-examination of Mr. Lee was made by his attorneys in this sworn testimony.

The case of Meredith Glenn Lee was settled before trial during the last week of July, 1967, and Meredith Glenn Lee informed one of his attorneys, Thomas H. Hicks, that he was going to the Veterans Hospital in Indianapolis and told Mr. Hicks his deposition could be secured for use in this case. Mr. Lee failed to report to the Hospital and when Mr. Hicks attempted to find him for subpeona on October 16, 1967, Mr. Lee was in the isolation ward of the St. Anthony's Hospital in Terre Haute, Indiana, where he had severe pulmonary tuberculosis and was under the care of Dr. Ed Voges. Dr. Voges testified during the trial of the case that Meredith Glenn Lee had been a patient in St. Anthony's Hospital in Terre Haute for approximately two weeks with pulmonary

tuberculosis and had on the day prior to his testimony been transferred to the Veterans Hospital in Indianapolis, Indiana. Dr. Voges testified that the present condition of Meredith Glenn Lee was contagious and further testified that it probably would have been disadvantageous to the health of Meredith Glenn Lee to have a deposition taken.

At the trial of the instant case, Mr. Thomas H. Hicks, one of the attorneys for the Plaintiff and one of the attorneys for Meredith Glenn Lee in his case, testified that he had been one of the attorneys for Mr. Lee and settled his case in July, 1967. At the time of the settlement Mr. Hicks advised Mr. Lee that it would be necessary to take his deposition in the instant case and Mr. Lee agreed. Thereafter, around the 16th of October, 1967, Mr. Hicks attempted to locate Mr. Lee as a witness in this case and in the process talked with Dr. Voges. Dr. Voges said that under no circumstances should Mr. Lee's deposition be taken. Mr. Hicks further testified that Dr. Voges told him that there was a good chance that Mr. Lee was going to die and if Mr. Lee did not die it would be a long time, if ever, before his deposition could be taken.

The Defendant made a broad objection to Plaintiff's exhibit number 22 and contended that no part of it was admissible under any circumstances in the instant case. The court admitted, in part, Plaintiff's exhibit number 22 over Defendant's objection. This ruling is the crux of this appeal. That part of exhibit number 22 which went to the jury avoided any mention to the jury of Lee's companion case. The sworn testimony of Meredith Glenn Lee was labeled as a conditional oral examination. That exhibit number 22 was an oral conditional examination and was the sole basis for the objection made Defendant to its admission, in part, in this case. The Defendant contended that as an oral conditional examination it could be introduced into evidence only at the instance of the party taking it. In ruling on the admissibility of exhibit number 22 the trial judge commented that for all intents and pur-

poses so far as the trial of this lawsuit was concerned that Meredith Glenn Lee was dead. In addition the trial judge made the following comments:

> "Now I am going to tell you how I feel about that in my own mind at this time. He said, first of all, this is Dr. Voges' testimony, he testified it would be dangerous under his physical condition to have taken it, and turning it around I don't believe that the Court, I would require or suggest to the lawyers, I don't think if I were practicing law that if a man was in the condition they told me he was in, isolated with something in some hospital and that to take his deposition I had to put on a gown, cap and a mask and wear gloves, I think that the risk of my going in there would be a little more important to me than taking that man's testimony.

> "Now some things go to the sound discretion of the trial Court. I think that goes to the sound discretion of the lawyers. First of all, it is subjecting themselves. Second, it is subjecting those required to put on notice and then, third, what the effect would be on a man in the condition Dr. Voges said this man was in and going in there and taking a conditional examination that would last—might have lasted for any number of pages of examination with the doctor saying that it was disadvantageous to the man's health. I don't believe that I can give much time to the business of sleeping on the rights. I think the intention of it would be poor. I think it would be on good standing. Now that is just my personal feelings about it. I think if turned around would be exactly the same way if I was in it myself. I don't think I would want to put you or Joe Zwerner or Tom Hicks or anybody else in the position of going into a room under those circumstances.

> "Proceed."

The resolution of the question involved in this appeal concerns the compatibility of the old law with regard to conditional examinations and depositions with the new. The old law is found in Acts 1881 (Special Session), Ch. 38, §§ 346 through 350, both inclusive, as found in Burns' Ind. Stat. Ann., § § 2-1728 through 2-1732, both inclusive. The new law with reference to this subject is found in Acts 1961, Ch.

292, §§ 1 through 8, both inclusive, as found in Burns' Ind. Stat. Ann., § 2-1533 through 2-1540, both inclusive. Acts 1961, ch. 292, is substantially similar to Rule 26 of the Federal Rules of Civil Procedure. Later, in 1965, the General Assembly passed Chapter 140 of the Acts of 1965 which is found in Burns' Ind. Stat. Ann., § 2-1644, dealing with production, which is substantially similar to Rule 34 of the Federal Rules of Civil Procedure and passed Chapter 53 of the Acts of 1965 as found in Burns' Ind. Stat. Ann., § 2-1028, dealing with interrogatories, which is substantially similar to Rule 33 of the Federal Rules of Civil Procedure. The General Assembly also passed Chapter 39 of the Acts of 1965 as found in Burns' Ind. Stat. Ann., § 2-1028(a) on admission, which is identical to Rule 36 of the Federal Rules of Civil Procedure and Chapter 90 of the Acts of 1965 on summary judgment as found in Burns' Ind. Stat. Ann. § 2-2524, which is identical to Rule 56 of the Federal Rules of Civil Procedure. In the 1969 session of the Indiana General Assembly the Legislature approved the Indiana Judicial Code which incorporates most of the features of Federal civil practice into Indiana civil practice. Thus, a clear pattern of legislative intent emerges. That intent is clearly to adopt substantial sections of the Federal Rules of Civil Procedure (with some modifications not relevant here). The tenor and content of the majority opinion is contrary to that intent.

Burns' Ind. Stat. Ann., § 2-1728, referred to in the majority opinion was enacted in 1881 and the early cases reveal it was designed to be a means of discovery from an adverse party. Later when the deposition statute was enacted in 1961, the 1881 statute was not expressly repealed except where in direct conflict with the new statute. The Indiana courts have confused the use of the words "deposition" and "conditional examination", often using them interchangeably with no clear distinction made. The 1881 statute itself created problems in the terminology as it states that a "conditional examination" when taken, shall be filed as a "deposition".

Burns' Ind. Stat. Ann., § 2-1730. This would seem to mean that anything subjected to the custody of the court becomes a deposition. However, as late as 1967, our Supreme Court seemly articulated a different distinction:

> "It is our opinion that the breadth of this statute includes *a conditional examination of a party* as well as *the deposition of a witness*." (emphasis added) *Plummer v. Ulsh,* 248 Ind. 462, 229 N. E. 2d 799, 801 (1967).

The majority opinion in the instant case further adds to this confusion by stating that it is doubtful if a conditional examination is a deposition at all.

The confusion which attaches to the use of the terms seems to be the direct result of retaining old concepts while enacting new ones. The majority opinion demonstrates this in several ways.

First, the majority opinion inherently holds there remains a difference between information which is obtained for purposes of discovery and that which is obtained to be introduced into evidence. I believe that the intent and tenor of our legislature in enacting Burns' Ind. Stat. Ann., § 2-1533, *et seq.,* patterned after Federal Rule 26, was to abolish this distinction. Burns' Ind. Stat. Ann., § 2-1533, states in part:

> "In civil actions, any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the *purpose of discovery or for use as evidence in the* action or for both purposes" (Emphasis supplied).

Federal Courts have passed in the counter-part of our statute, Federal Rule 26(d):

> "The Rule does not evince a distinction as to admissibility at trial between a deposition taken solely for purposes of discovery and one taken for use at trial, and I am not empowered to read a restriction into the Rule which does not exist." *Rosenthal v. Peoples Cab Company,* 26 F. R. D. 116, 117, (W. D. Penn. 1960).

Barron and Holtzoff state:

"To understand the significance of the improvements made by these rules, it should be remembered that under the prior procedure the means by which parties could narrow the issues and discover information needed to prepare for trial were very limited under the philosophy that a judicial proceeding was a battle of wits rather than a search for truth, each side was protected to a large extent against disclosure of his case." Barron & Holtzoff, Vol. 2A, § 641, page 9.

The idea that only the taker of a deposition may use it is against the express purpose of the Federal Rules and our statute patterned after these rules. *Teller v. Montgomery Ward & Co., Inc.*, 27 F. Supp. 938 (E. D. Pa. 1939); *Martin v. Reynolds Metal Corp.*, 297 F. 2d 49 (9th Cir. 1961); The New Federal Deposition-Discovery Procedure, 38 Col. L. Rev. 1436, 1448 (1938).

Further, it is my opinion that the interpretation given Burns' Ind. Stat. Ann., § 2-1728, by the majority opinion is directly in conflict with Burns' Ind. Stat. Ann., § 2-1536. Under Burns' Ind. Stat. Ann., § 2-1540, such conflict constitutes a repeal of the former statute.

Whether or not testimony is to be used as evidence is not to be determined by the person who took the deposition nor by how it is labeled. The limitations on the use of the deposition are those imposed in Burns' Ind. Stat. Ann., § 2-1536, and by the rules of evidence generally. It should be noted that under the rules of evidence the trial judge excluded certain parts of the oral testimony of the witness Lee.

The only reasonable interpretation of Burns' Ind. Stat. Ann., § 2-1728, in light of § 2-1536, Burns' Ind. Stat. Ann., is that the testimony of an adverse witness, whether called a conditional examination or a deposition, may be used within the conditions imposed by the 1961 statute by any party. This court should not allow innovations and improvements in our

civil procedure to be emasculated by a strict interpretation of an 1881 statute. It should be noted here that the Indiana General Assembly in adopting the new Indiana Rules of Civil Procedure in 1969 (House Enrolled Act No. 1733) expressly repealed Burns' Ind. Stat. Ann., 2-1728. As did the Indiana Supreme Court, this court should take judicial notice of the new rules to the extent that they evidence a clear and continuing legislative intent. *Morrison's So. Plaza Corp. v. S. Plaza Inc.*, 252 Ind. 109, 246 N. E. 2d 191 (1969). Those rules are effective January 1, 1970, and if reversed it seems inevitable that they will control the retrial of this case. Thus, on a retrial under the new rules, the Plaintiff-Appellee may be permitted to again introduced exhibit 22, precisely as was done in this case. If such be the case our decision in this cause will create a terrible waste of judicial time and an unjust burden on the appellee.

It is unreasonable to state that Burns' Ind. Stat. Ann., §§ 2-1533-1540 allow a party to use the deposition of a witness, whether or not a party, for any purpose, but that Burns' Ind. Stat. Ann., § 2-1728 provides that if it is a deposition of a party, only the taker can use it. The two statutes cannot logically nor legally coexist. The interpretation given Burns' Ind. Stat. Ann., § 2-1728 by the majority opinion would completely strike out of § 2-1536(c) the words "whether or not a party". The majority opinion seems to state that had the parties labeled the examination "deposition", either party could have used it. It is to be noted that § 2-1730 provides that the "examination" is to be taken and filed as a deposition. The statute therefore does not recognize inherent differences in substance. It would appear then that a rather incongruous result is created. Either the parties determine which section of the law shall apply by which words they use to label the document, or there is no such animal as a deposition of adverse party with the resultant advantages of Burns' Ind. Stat. Ann., § § 2-1533-1540. This court should not allow either such unreasonable result. The evidence in

this case clearly indicated that the trial court had a proper basis for deciding that the witness was not then able to be present at the trial or even submit to another examination. As such, Burns' Ind. Stat. Ann., § 2-1536(c)(3) is applicable and the deposition was properly admitted.

There is another important consideration to be made which is not discussed in the majority opinion. It cannot be stressed too strongly that the witness Lee was the only witness to the actions of the Plaintiff's decedent. If his testimony by deposition would have been excluded there could be no rational and effective manner for the finder of fact to ascertain the truth. It must be noted the trial court has broad discretion with regard to the admissibility of evidence. This court should not bury its head in the sand of an 1881 statute that should be and, effective January, 1970, will be expressly repealed. The trial court had three alternatives. It could have continued the cause in the face of evidence that the witness Lee was not expected to live, or it could have let the case go to the jury without any evidence as to the actions of the Plaintiff's decedent, or it could have permitted the jury to hear the testimony of the witness Lee. I do not believe that this court can say that the trial court abused its discretion in choosing the latter alternative and admitting this testimony.

Finally, several questions are raised by the fact that the deposition in question was originally taken in a different action. Because a discussion of these problems was not necessary in the majority opinion, they will not be dealt with in any detail in this dissent. I believe, however, that the deposition clearly would have been admissible. As stated in *Hertz v. Graham*, 23 F. R. D. 17, 20 (S. D. N. Y. 1958):

"The purpose of using prior depositions and testimony is to save the time, effort and money of the litigants and to expedite trials, with a view to achieving substantial justice. Whether such prior depositions can now be offered into evidence rests within the sound discretion of the Court and the guiding principle which has been adopted by this

Court is the more liberal view advocated by the late Professor Wigmore:

'It ought, then, to be sufficient to inquire whether the former testimony was given upon such an issue that the party-opponent in that case had the same interest and motive in his cross examination that the present opponent has; . . . Wigmore (3rd Ed. 1940) § 1338, p. 95 (Emphasis in the original)'."

See also, *Rivera v. American Export Lines*, 13 F.R.D. 27 (S. D. N. Y. 1952); First National Bank in *Greenwich v. National Airlines*, 22 F.R.D. 46 (S. D. N. Y. 1958). In the instant case it must be remembered that the objecting party himself took the deposition of Lee. Lee, of course, was the Plaintiff in that prior suit, involving the same collision. After a careful reading of the entire deposition it is readily apparent that the relatively simple factual situation was quite adequately covered by Appellant's questions of Lee. I can see no possible way that Appellant was prejudiced by the fact that contributory negligence was not an issue in the first case. In the case on behalf of Lee the Defendants (Appellants here) were motivated to examine the conduct of the driver (decedent Barnett here) in great detail since their defense in that case must be that the collision was caused solely by the negligence of the decedent driver. The majority of the relevant questions, by necessity, were directed at the conduct of Appellee's decedent. When the admission of evidence is a discretionary matter, I believe it imperative to examine in detail the operative facts and circumstances presented to the trial court. Rigid rules must not be allowed to force inequitable results. In *Rosenthal v. Peoples Cab Company, supra*, a similar situation was presented. The Court there stated at page 117 of 26 F. R. D.:

"I have reviewed the deposition in great detail. I am satisfied that plaintiff counsel made a most thorough examination of the witness. I am further convinced that admitting said deposition into evidence will not prove prejudicial to the plaintiff recognizing as I must that the rules are designed to obtain as much of the truth as possible."

It is important to further note that the court in *Rosenthal* admitted the deposition of a since deceased witness although the opposing party had *no* opportunity to cross-examine. I believe that in this case, where it is clear that a substantial identity of issues and of parties exist, this court must recognize the discretionary power of a lower court to see that substantial justice is done and that every reasonable attempt is made to inform the finders of fact.

I would, therefore, affirm.

NOTE.—Reported in 248 N. E. 2d 390.