## SOUTHERN INDIANA GAS AND ELECTRIC COMPANY, Appellant,

### v.

## INDIANA FARM GAS PRODUCTION COMPANY, INC., Appellee.

### No. 93A02–8804–EX–146.

Court of Appeals of Indiana, Fourth District.

June 27, 1989.

**622**

George A. Porch, Bamberger, Foreman, Oswald Hahn, Evansville, Daniel W. McGill, Barnes & Thornburg, Indianapolis, for appellant.

Robert L. Hartley, Jr., Martin Wade Hartley & Hollingsworth, Indianapolis, for appellee.

CHEZEM, Judge.

## Case Summary

Appellee, Indiana Farmers Gas Production Company (IFG), filed a petition for transportation of natural gas with the Indiana Utility Regulatory Commission (formerly known as the Public Service Commission, hereinafter referred to as "the Commission"), in which IFG sought to require Appellant, Southern Indiana Gas & Electric Company (SIGECO), to transport the natural gas obtained from a well owned by IFG. SIGECO filed a motion to dismiss the petition for a lack of jurisdiction. The Commission denied the motion; SIGECO appeals.

## Issues

I. Whether the petition filed by IFG for transportation of natural gas pursuant to I.C. 8–1–2–87.6 set forth a properly pleaded claim for relief.

II. Whether the Commission exceeded its statutory grant of authority by shifting the burden of proving ownership of natural gas from the petitioning gas producer to the respondent utility.

III. Whether the Commission has the statutory power to determine ownership of personal property.

## Facts

IFG is an Indiana corporation with offices in Evansville. SIGECO is a public utility engaged in the business of providing gas and electricity service to the public in portions of southwestern Indiana; its main offices are in Evansville.

SIGECO purchases most of its gas from Texas Gas Transmission Corporation, an interstate pipeline. SIGECO in conducting its business owns and operates an underground storage field, named Oliver Field, in Posey County. IFG leased a tract of land, which was adjacent to Oliver Field, and commenced drilling operations for natural gas. Natural gas was found and the well was named the Travers well.

IFG entered into a contract with Indiana Farm Bureau Cooperative Association, Inc., to sell gas produced from Travers well to Farm Bureau to be used at Farm Bureau's Mt. Vernon refinery. Farm Bureau is a customer of SIGECO, and SIGECO has a pipeline running from Oliver field to Farm Bureau. IFG does not have transmission pipeline facilities for natural gas of its own.

IFG filed a petition with the Indiana Utility Regulatory Commission, pursuant to I.C. 8–1–2–87.6, for an order requiring SIGECO to transport the gas from Travers well to Farm Bureau. IFG "pre-filed" the evidence it intended to present at the hear-

ing on the petition, pursuant to a pre-hearing order issued by the Commission.

SIGECO filed a motion to dismiss the petition for a want of jurisdiction since IFG failed to establish, either in the petition or in the "pre-filed" evidence, that: 1) the gas at issue was "Indiana produced natural gas;" or 2) IFG "owned the gas."

On August 12, 1987, the Commission denied the motion to dismiss. The Commission found that IFG presented a *prima facie* case by establishing in the pre-filed evidence that: 1) IFG was the owner of a lease to explore and extract natural gas; 2) the leasehold estate was in Indiana; 3) the well, which was drilled to extract the gas, was on the leasehold premises; 4) the gas was of pipeline quality; and 5) the transporting company, SIGECO, had adequate capacity to accept and transport the volume of gas involved. The Commission determined that proof of 1–3 was sufficient to give rise to rebuttable presumption that the gas was "Indiana produced" and that the gas produced would be "owned" by IFG.

The Commission based its conclusion on the assumption Indiana courts would likely apply the "rule of capture" to storage gas, which is gas which has been previously severed from realty, but is injected into the ground for storage.[1] Thus, IFG likely "captured" the storage gas (assuming that the gas was storage gas) and 1–3 gave rise to a rebuttable presumption that the gas to be extracted will be "owned" by IFG. The Commission also determined that the statute applied to both "native gas" and "storage gas."

On September 1, 1987, SIGECO filed a petition for rehearing and reconsideration, or, in the alternative, to certify the legal issues to this court. On March 30, 1988, the Commission entered an order on SIGECO's petition granting in part and denying in part. The Commission granted the petition in part by determining that the statute should be applied only to "native" gas and not "storage" gas. The Commission denied the petition in all other respects.

Discussion and Decision

I

SIGECO argues IFG failed to establish the elements necessary to invoke the jurisdiction of the Commission; therefore, the petition must be dismissed. IFG argues that since no evidentiary hearing has occurred, there is no "evidence" as of yet; thus, the motion is premature. IFG further argues even if the petition and the pre-filed evidence are considered "evidence," it presented evidence sufficient to make out a *prima facie* case for relief under the statute.

The administrative rules issued by the Commission permit parties to file a "motion to dismiss." 170 IAC 1–1–11. Furthermore, the rules also provide that the Indiana Rules of Trial Procedure apply in all cases not specifically provided for by the rules issued by the Commission. 170 IAC 1–1–22. The Commission rules do not specify what grounds are necessary for a motion to dismiss a proceeding before the Commission. Therefore, we will apply the Rules of Trial Procedure.

The trial rules provide for several forms of a motion to dismiss:

1. motions asserting the cause be dismissed because of a lack of either personal or subject matter jurisdiction or the inability of the court to provide a remedy—Rule 12(B);

---

1. The rule of capture is universally applied to "native" or "pre-severed" gas. *See e.g., Foertsch v. Schaus* (1985), Ind.App., 477 N.E.2d 566. Some jurisdictions have declined to extend the doctrine to storage gas. *See White v. New York State Natural Gas Corp.* (W.D.Pa.1960); *Pacific Gas and Electric Co. v. Zuckerman* (1987), 189 Cal.App.3d 1113, 234 Cal.Rptr. 630. Only Kentucky and Kansas have extended the doctrine to include storage gas. *See Hammonds v. Central Kentucky Natural Gas Co.* (1934), 255 Ky. 685, 75 S.W.2d 204 (That extension has subsequently been limited to situations where there is a known "leak" from the storage field. *See Texas American Energy Corp. v. Citizens Fidelity & Trust Co.* (1987), Ky., 736 S.W.2d 25); *Anderson v. Beech Aircraft Corp.* (1985), 237 Kan. 336, 699 P.2d 1023 (This extension was limited to situations where the storing entity was not a public utility operating pursuant to a certificate, issued by the Kansas Corporation Commision, authorizing a natural gas storage facility, *See Union Gas System, Inc. v. Carnahan* (1989), 245 Kan. 80, 774 P.2d 962).

2. motions asserting the same defenses after the issues have been closed on the merits (motion for judgment on the pleadings)—Rule 12(C);

3. motions to dismiss as a sanction for failure to comply with trial court discovery orders—Rule 37(B)(2)(c);

4. a voluntary dismissal by either the plaintiff or all the parties in the action—Rule 41(A);

5. a motion for an involuntary dismissal, which is made at trial after the party with the burden of proof at trial has rested—the motion alleges that the party has failed to establish a *prima facie* case—Rule 41(B); and

6. dismissal for failure to prosecute—either by motion of a party or on the court's own motion—Rule 41(E).[2]

■ SIGECO did not articulate which rule it was relying upon in its motion; it only argued IFG did not sustain its "burden of proof" in its "case-in-chief." In SIGECO's brief it argues IFG did not set forth a *"prima facie"* case—an apparent reference to Rule 41(B). In its reply brief, SIGECO seems to rely upon Rule 12(B).

IFG likewise appears to be uncertain as to what motion is at issue, arguing there is no evidence at this stage of the proceedings on the one hand—apparently with the belief this is a Rule 12 motion—yet on the other hand, arguing that it has presented a *"prima facie"* case—as if it were resisting a 41(B) motion.

Rule 41(B) does not apply here. That rule contemplates a trial. Although IFG has pre-filed its "case-in-chief," there has been no adversary hearing. There has been no cross-examination, nor has there been any opportunity for re-direct testimony. Rule 41(B) permits the trier of fact to *weigh the evidence* in determining whether the party with the burden of proof has presented a *prima facie* case. In order to weigh evidence the trier must have the benefit of cross-examination and re-direct examination. Thus, this was not a 41(B)

motion and IFG was not required to present a *prima facie* case.

Rule 12(B) does not apply here either since such a motion must be made prior to the moving party's filing of an answer. The applicable rule is Rule 12(C). However, Rule 12(C) provides that when matters outside the pleadings are presented to the court, the motion is treated as a motion for summary judgment and is disposed of as provided in Rule 56.

Here, the pre-filed evidence had become a part of the record; it was relied upon by SIGECO in its motion and was relied upon by the Commission in its ruling. Thus, the standard which the Commission was bound to employ is whether there was a genuine issue of material fact and whether SIGECO was entitled to an adjudication as a matter of law. This court is not bound by the findings of the Commission, and the standard on review is the same as it was for the Commission: whether there was no genuine issue of material fact and the moving party was entitled to an adjudication as a matter of law. *Farm Bureau Co-op. v. Deseret Title Holding Corp.* (1987), Ind. App., 513 N.E.2d 193. As set forth below, we hold that there is no genuine issue of material fact.

## II

SIGECO argues that the Commission exceeded its statutory authority and abused its discretion by creating a rebuttable presumption that gas obtained by a lessee from a well on the leasehold estate, which is in the State of Indiana, is 1) Indiana produced natural gas and 2) owned by the petitioner. IFG counters this is an inference and not really a presumption.

■ Only courts or the legislature have the power to create a presumption. *Modern Woodmen of America v. Craiger* (1910), 175 Ind. 30, 92 N.E. 113. The Commission, like any other administrative body, possesses no common law powers. *Vehslage v. Rose Acre Farms, Inc.* (1985), Ind. App., 474 N.E.2d 1029. The Commission,

---

**2.** The Commision's rules have a rule similar to 41(E); its rule would apply and not Rule 41(E).

*See* 170 IAC 1–1–21, 170 IAC 1–1–22(b).

by statute, is given only administrative and ministerial powers; it does not have legislative powers. *In re Northwestern Telephone Co.* (1930), 201 Ind. 667, 171 N.E. 65. The Commission derives its powers from the statute, and unless power and authority can be found in the statute it must be concluded that there is none. *General Telephone Co. v. Public Service Commission* (1958), 238 Ind. 646, 150 N.E.2d 891. Therefore, the Commission may not create legal presumptions.

The Commission is delegated the authority to regulate public utilities which are subject to its jurisdiction. Such authority extends to ratemaking, setting standards for accounting and valuation, setting measurable standards for measurement and quality and other conditions pertaining to the supply of the product or service, conducting hearings and investigations, regulating the sale of securities, transferring utility property and mergering of utilities, and granting of permits and franchises, etc. I.C. 8–1–2–1, *et seq.*

■ The Commission also has the power to establish rules which govern its proceedings. I.C. 8–1–1–3(g). However, nothing in that grant of power gives the Commission the power to shift statutorily created burdens of proof. We note that the statute at issue is an exception to the general statute which applies to the transportation of natural gas, I.C. 8–1–2–87.5. *See* I.C. 8–1–2–87.6(a). Exceptions to the operation of a statute should be strictly construed by placing the burden of proof upon the party claiming it. *Common Council of City of Peru v. Peru Daily Tribune* (1982), Ind. App., 440 N.E.2d 726.

Also, a rebuttable presumption requires the Commission to determine a legal question: whether the natural gas at issue is the personal property of the respondent or gas which is subject to being reduced to the possession and ownership of the petitioner. Ultimately this is a question of property law, which is outside the scope of delegated authority and expertise of the Commission.

III

A petitioner, in a proceeding brought under this statute, has the burden of proving all essential elements. The issues of the situs of production and marketable title to the natural gas once extracted are threshold jurisdictional issues which must be proven by the petitioning party. The Commission is not authorized to answer these issues.

The above issues must either: 1) be without dispute; 2) have been established by agreement of the parties; or 3) have been conclusively established in a prior proceeding. Here, the petitioner could have elected to file an action for declaratory judgment in a trial court of general jurisdiction in order to determine the "ownership" of the gas. We do not have a sufficient record to make such a determination on appeal, nor is that the province of this court to decide a factual question.

It is not necessary at this time to determine whether Indiana should apply the doctrine of *ferae naturae* or the rule of capture to storage gas since the issue is not yet ripe for judicial determination.

Accordingly, since there is no genuine issue of material fact as to the jurisdiction of the Indiana Utility Regulatory Commission, we reverse and remand to the Commission to enter an adjudication on IFG's petition in favor of SIGECO.

MILLER, J., concurs.

CONOVER, P.J., dissents without opinion.