SOUTHERN INDIANA GAS AND
ELECTRIC COMPANY,
**Appellant,**

v.

**INDIANA FARM GAS PRODUCTION
COMPANY, INC., Appellee.**

**No. 93A02–8804–EX–146.**

Court of Appeals of Indiana,
Fourth District.

Feb. 7, 1990.

George A. Porch, Bamberger, Foreman, Oswald, Hahn, Evansville, Daniel W. McGill, Barnes & Thornburg, Indianapolis, for appellant.

Robert L. Hartley, Jr., Martin Wade Hartley & Hollingsworth, Indianapolis, for appellee.

CHEZEM, Presiding Judge.

## PETITION FOR REHEARING

### Case Summary

Appellee, Indiana Farmers Gas Production Company (IFG), filed a petition for transportation of natural gas with the Indiana Utility Regulatory Commission, in which IFG sought to require Appellant, Southern Indiana Gas & Electric Company (SIGECO), to transport the natural gas obtained from a well owned by IFG. SIGE-CO filed a motion to dismiss the petition for lack of jurisdiction. The Commission denied the motion; SIGECO sought judicial review of the Commission's order.

This court reversed the Commission's order and remanded for the Commission to enter an adjudication in favor of SIGECO, which was reported at *Southern Indiana Gas & Electric Company v. Indiana Farm Gas Production Co., Inc.* (1989), Ind.App., 540 N.E.2d 621. IFG filed a petition for rehearing. After hearing oral argument we reconsider this matter, vacate portions of our previous opinion, and now remand to the Commission to proceed with a hearing on the merits.

### Issue

The dispositive issue upon rehearing is: Did this court improperly order summary judgments in favor of the moving party which had not supported its motion by any affidavits or sworn testimony?

### Decision

In the original briefing of this matter SIGECO seemed to treat its motion as an Ind.Tr.R. 41(B) motion and IFG argued it as if it were an Ind.Tr.R. 12 motion. This Court decided to treat the motion as an Ind.Tr.R. 56 motion, and a review of the previous decision will explain why. We now stand by our decision that this matter should be treated as a Rule 56 motion. We do this because the Commission considered matters outside of the pleadings. Specifically, the Commission considered IFG's prefiled testimony.

In our original opinion we ordered the Commission to enter an adjudication in favor of SIGECO. We, in effect, ordered the Commission to grant summary judgment against the non-moving party, IFG, even though SIGECO had not supported its motion by affidavits or testimony as provided by Ind. Trial Rule 56(C) and (D).

The motion filed by SIGECO relied upon prefiled testimony submitted by IFG. After considering the oral arguments presented by the parties on the petition for rehearing, we find it was erroneous to rely upon the prefiled testimony as a basis for ordering judgment against IFG. The prefiled testimony was not given under oath. It may be changed or withdrawn until the witness appears at a hearing and swears that the prefiled testimony is his true testimony.

The Commission should hold a hearing upon the issues presented by IFG's petition including a determination of jurisdiction.

Therefore, we vacate the order previously entered and remand this matter back to the commission for further proceedings consistent with this revised opinion.

CONOVER and MILLER, JJ., concur.