Carolyn Sue **DODD**, Appellant– Claimant,

v.

**ESTATE OF James P. YANAN,** Deceased, Appellee– Defendant.

No. 49A04–9009–CV–452.

Court of Appeals of Indiana, Fourth District.

March 11, 1992.

William A. Freihofer, Indianapolis, for appellant-claimant.

Joseph P. Murdock, Smith & Murdock, Glenn E. Davis, Jr., Davis, Davis & Langan, Indianapolis, for appellee-defendant.

CHEZEM, Judge.

## CASE SUMMARY

Appellant–Claimant, Carolyn Sue Dodd (formerly Carolyn Sue Yanan), appeals from an order dismissing her claim against Appellee–Defendant, Estate of James P. Yanan, deceased. We reverse and remand.

## ISSUES

Carolyn presents four issues for review which we consolidate and restate as follows:

I. Did the Estate waive its objection to Carolyn's testimony as an incompetent witness under the Dead Man's statute?

II. Was Carolyn's fraud claim against the Estate time barred by the statute of limitations in IC 31–1–11.5–17(a)?

## FACTS AND PROCEDURAL HISTORY

Carolyn and James were married in October of 1975. Prior to their wedding, the parties signed an antenuptial agreement wherein upon dissolution each party would receive their respective listed property, along with any increases in value, free from the claim of the other. All property acquired during the marriage would be subject to an equal division. Listed in the agreement were Carolyn's assets consisting of accounts, real estate, and insurance valued at $50,000, and James' assets consisting of securities, including his interest in J. Yanan & Associates, Inc., valued at $150,000.

On October 25, 1985, a dissolution proceeding was filed. Counsel for Carolyn sent to James interrogatories and a request for production of documents to facilitate the division of marital property. Responses to these discovery requests were never received because the parties subsequently met and, without the aid of their attorneys, entered into a property settlement agreement. During this meeting, James produced for Carolyn five documents relating to his financial condition. One of these was for J. Yanan & Associates, Inc., which was covered by the antenuptial agreement and not subject to any claim by Carolyn. The remaining documents were represented as all the property of James subject to equal division. Upon this representation, Carolyn and James entered into a property settlement agreement. The executed agreement stated that "full and complete disclosure" of all financial information had been made by the parties. On May 9, 1986, the marriage was dissolved and the property settlement agreement was incorporated into the decree of dissolution.

On May 6, 1989, James Yanan died. During the administration of James' will, an inventory was filed with the court. From that inventory, Carolyn discovered that the value of the estate was far in excess of the amounts James represented to her when the property settlement agreement was executed. Carolyn then filed a claim against the Estate, approximately three years after the divorce, alleging fraud in that James purposely failed to disclose the true nature and extent of his property holdings during the dissolution proceedings. Discovery commenced wherein the Estate filed a Request for Admissions with Carolyn.

 The Estate filed a Motion to Dismiss and/or for Summary Judgment, contending that an action for fraud challenging the property settlement agreement must be brought within two years and hence Carolyn's claim was time-barred.[1] At the hearing on the Estate's motion, counsel for Carolyn called her to the stand, whereupon the Estate made an objection alleging that Carolyn was an incompetent witness under the Indiana Dead Man's statute.[2] Carolyn

---

1. IC 31–1–11.5–17(a) provides: "The orders as to property disposition entered pursuant to section 9 of this chapter [31–1–11.5–9] may not be revoked or modified, except in case of fraud which ground shall be asserted within two (2) years of said order." In 1987, the statute was amended to extend the period from two to six years. This provision, however, did not apply to property dispositions entered into before September 1, 1987. P.L. 289–1987, Sec. 1, 2.

2. IC 34–1–14–6, colloquially known as the "Dead Man's" statute, states: "In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during a [sic] lifetime of the decedent, where a judgment

responded that the Estate had waived her incompetency by, among other things, filing a Request for Admissions with her. After a lengthy debate, the trial judge took the objection under advisement and conditionally allowed Carolyn to testify. The hearing ended when the trial judge took the whole matter under advisement. Later, an order was issued dismissing the claim. No ruling on the objection to Carolyn's incompetency as a witness appears anywhere in the record.[3]

## DISCUSSION AND DECISION

■ As a preliminary matter, we determine whether the trial court's order should be treated as a grant of summary judgment or a dismissal of the claim. The issued order states:

### ORDER DISMISSING CLAIM NO. 1

On July 7, 1990, Claimant, Carolyn S. Dodd, appeared in person and by counsel and the Executor appeared by counsel. Evidence and argument were heard on the Executor's Motion to Dismiss and/or For Summary Judgment and the Court, having taken the Motion under advisement and having considered the briefs submitted by the parties, finds that the allegations set out in Claim No. 1, taken in the light most favorable to claimant, constitute an impermissible collateral attack on the decree of dissolution entered in the Marion Superior Court on May 9, 1986.

IT IS THEREFORE ORDERED that Claim No. 1 be, and it is hereby, dismissed for failure to state a claim upon which relief can be granted. Cost vs Claimant.

The trial court apparently considered the motion, and issued its order, under the provision of Indiana Trial Rule 12(B)(6). However, because the trial court heard testimony and received evidence outside the pleadings, we treat the order as a grant of summary judgment pursuant to T.R. 56. See *Southern Indiana Gas v. Indiana Farm Gas* (1990), Ind.App., 549 N.E.2d 1063.

## I.

Carolyn first contends that the Estate waived her incompetency under the Dead Man's statute by filing a Request for Admissions with her pursuant to T.R. 36. This issue is one of first impression for the Court.

■ The policy in rendering an adverse party incompetent to testify when a judgment is sought against an estate is to prevent the living from taking unfair advantage of the dead. *Matter of Estate of Palamara* (1987), Ind.App., 513 N.E.2d 1223. Occasionally an estate may wish, for whatever reason, to use the testimony of an incompetent witness. At such time, an estate may waive a party's incompetency by performing acts which indicate that the estate intends the party to be a witness for the estate. Waiver of incompetency by an estate, however, renders that witness entirely competent in the action, to be used by any party to the cause. *Id.*

In delineating the aspects of waiver under the Dead Man's statute, The Indiana Supreme Court has held that deposing an adverse party does not constitute a waiver of incompetency. *Plummer v. Ulsh* (1967), 248 Ind. 462, 229 N.E.2d 799. The Court reasoned that the purpose of discovery was to bring forward relevant material so that the parties may better determine the issues, and that waiver of a party's incompe-

or allowance may be made or rendered for or against the estate represented by such executor or administrator; any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate: Provided, however, [t]hat in cases where a deposition of such decedent has been taken, or he has previously testified as to the matter, and his testimony or deposition can be used as evidence for such executor or administrator, such

adverse party shall be a competent witness for himself, but only as to any matters embraced in such deposition or testimony."

3. Because the trial judge admitted Carolyn's testimony subject to strike at a later time, and no order striking that testimony appears in the record, such testimony is part of the record and will be considered for purposes of this appeal.

tency by deposing that party would frustrate that purpose. *Id.*

■■■ A Request for Admissions pursuant to T.R. 36, however, is unlike other discovery methods, in that it does not facilitate the above stated purpose. The essential function of a Request for Admissions is to establish "facts," not to discover what they are. *F.W. Means & Co. v. Carstens* (1981), Ind.App., 428 N.E.2d 251. A request for admission calls upon a party to testify as to the genuineness of a document or the truth of any matter. Unlike matters revealed in a deposition, facts admitted under T.R. 36 are conclusively established for purposes of that action; the need to prove such facts at trial is eliminated. *Id.* Therefore, when an estate requests an adverse party to admit statements or transactions that the party had with the decedent, the estate has called upon such adverse party to testify concerning those statements or transactions. In such circumstances, we hold that the estate has waived the adverse party's incompetency under the Dead Man's statute and cannot object to further testimony by that party.

■■■ We must next decide whether, in this case, the admissions requested of Carolyn by the Estate related to statements or transactions she had with the deceased, James Yanan. We conclude that they did. The Estate specifically requested that Carolyn admit or deny "[t]hat you and Mr. Yanan personally negotiated the property settlement agreement in the divorce case independently and without your or his attorney being present." Record at 71. Clearly, the property settlement agreement was a transaction between Carolyn and James, and this request related to that transaction. Thus, we find that the Estate waived Carolyn's incompetency under the Dead Man's statute when it requested from Carolyn admissions relating to the property settlement agreement.

Carolyn additionally argues that the Estate also waived her incompetency under the Dead Man's statute either by failing to make a timely objection to her testimony or by cross-examining her beyond the scope of her direct examination. However, because we find that the Estate waived Carolyn's incompetency at the time the admissions were requested of her, we do not need to discuss these issues.

## II.

Carolyn lastly contends that the granting of summary judgment was not appropriate because James concealed the cause of action from her, thereby tolling the applicable statute of limitations until she discovered the concealment. We agree.

■■ In most instances, the limitation period for fraud begins to run when the fraud is perpetrated. *Forth v. Forth* (1980), Ind. App., 409 N.E.2d 641; *Given v. Cappas* (1985), Ind.App., 486 N.E.2d 583. But, an exception to this general rule is provided by IC 34–1–2–9 which states: "If any person liable to an action shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation after the discovery of the cause of action." The concealment statute has been interpreted to extend a party's time to file a suit when the opposing party actively or intentionally conceals the cause of action. *Given,* supra.

■■■ The requirement of either active or intentional conduct, however, does not apply when the defrauder has a duty to disclose material information. *Dotlich v. Dotlich* (1985), Ind.App., 475 N.E.2d 331. Such a duty arises where there is a fiduciary or confidential relationship between the parties, or a party has expressly assumed the duty. Clearly, the relationship between husband and wife is a confidential relationship requiring full disclosure when they negotiate and execute a property settlement agreement. See *Selke v. Selke* (1991), Ind.App., 569 N.E.2d 724.

■■■ Here, James had a duty to disclose all his financial holdings to Carolyn when the property settlement agreement was negotiated and executed. Failure to provide full disclosure, would toll the statute of limitations until Carolyn discovered the concealment. The issue of whether there was full disclosure is a material fact

which precluded the entry of summary judgment for failure to bring a claim within the statute of limitations.

The Estate contends that, notwithstanding any applicable statute of limitations, Carolyn had waived any fraud claim when she executed the property settlement agreement. The Estate argues that because Carolyn choose to negotiate the agreement without the aid of her attorney and without receiving the responses to her discovery, she failed to act with ordinary care and therefore waived a fraud claim. We do not agree.

Waiver of a fraud claim requires both full knowledge of the fraud and the performance of acts which show an intent to confirm the transaction. *Smart & Perry Ford Sales v. Weaver* (1971), 149 Ind. App. 693, 274 N.E.2d 718; *Johnson v. Culver* (1888), 116 Ind. 278, 19 N.E. 129. If Carolyn had received discovery responses which accurately disclosed James financial condition before negotiating the agreement, Estate's argument would have merit. But here, Carolyn had no knowledge that James was defrauding her, without which she could not waive her fraud claim.

Reversed and remanded.

MILLER, J., concurs.

SHIELDS, J., concurs in part and concurring in result in part with separate opinion.

SHIELDS, Judge, concurring in part and concurring in result in part.

I concur as to Issue I; I concur in result as to Issue II. The trial court erred in granting James' motion for summary judgment. Carolyn is not seeking to set aside the division of property contained in the dissolution decree; therefore IC 31-1-11.5-17(a) (1991), which addresses attempts to revoke or modify such a judgment, is inapplicable. Instead, Carolyn's claim states a cause of action for fraud; she seeks both compensatory and punitive damages for James' alleged tortious conduct. The applicable statute of limitation for Carolyn's claim for fraud is six (6) years. IC 34-1-2-

1 (1988). Carolyn filed her claim well within this statutory period.